IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on several pending motions. The Defendant has filed: (1) Defendant's Motion for Partial Summary Judgment of Invalidity of Claims 9 and 15 of U.S. Patent No. 6,076,276 Under 35 U.S.C. § 102 (d/e 14); (2) Motion to Amend Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (d/e 15); (3) Defendant Sukup Manufacturing Company's Request to Revive its Motion for Partial Summary Judgment of Invalidity of Claims 9 and 15 of U.S. Patent No. 6,076,276 Under 35 U.S.C. § 102 (d/e 16); and (4) Defendant's Motion to Supplement the Motion for Partial Summary Judgment of Invalidity of Claims 9 and 15 of U.S. Patent No. 6,076,276 Under 35

1

U.S.C. § 102 (d/e 20). The Plaintiff has filed a Motion to Strike Defendant's Motion for Partial Summary Judgment of Invalidity of Claims 9 and 15 of U.S. Patent No. 6,076,276 Under 35 U.S.C. § 102 (d/e 17).

The Court first allows the Defendant's Motion to file an Amended Answer and Affirmative Defenses to the First Amended Complaint. Amendments to pleadings are to be allowed liberally. Fed. R. Civ. P. 15. Furthermore, the Scheduling Order (d/e 22) allows amended pleadings until January 13, 2006.

The Court further allows the Plaintiff's Motion to Strike the Defendant's Motion for Partial Summary Judgment because the Motion does not comply with Local Rule 7.1(D). The Defendant has leave to file a new motion that complies with the Local Rule.

The Plaintiff further objects to the Motion for Partial Summary Judgment on the grounds that it is premature, and that the Defendant relies on statements made during settlement. The Motion for Partial Summary Judgment is not premature; a motion for summary judgment may be filed any time after the expiration of 20 days from the commencement of the action. Fed. R. Civ. P. 56 (a). If the Plaintiff believes the Court should delay ruling on such a motion, it should respond accordingly. Fed. R. Civ.

P. 56(f).  Statements made during the course of settlement discussions are generally inadmissible unless the evidence is otherwise discoverable.  Fed. R. Evid. 408.  If the Plaintiff renews its Motion for Partial Summary Judgment, it should identify the specific undisputed facts that it seeks to prove with the statements made during settlement discussions.  The Court will then be in a better position to evaluate the purpose for which the Defendant submits the statements and whether the specific evidence sought to be introduced from the settlement statements would be otherwise discoverable.  The Plaintiff's attempt to supplement its Motion does not address this problem because the supplement does not identify the statements of undisputed facts that are supported by the settlement discussion evidence.  The Plaintiff's remaining Motions are moot since the Motion for Partial Summary Judgment is stricken.

THEREFORE, the Plaintiff's Motion to Strike the Defendant's Motion for Partial Summary Judgment of Invalidity of Claims 9 and 15 of U.S. Patent No. 6,076,276 Under 35 U.S.C. § 102 (d/e 17) is ALLOWED.  The Defendant's Motion for Partial Summary Judgment of Invalidity of Claims 9 and 15 of U.S. Patent No. 6,076,276 Under 35 U.S.C. § 102 (d/e 14) is ordered stricken, with leave to re-file a motion that complies with

Local Rule 7.1(D). The Defendant's Motion to Amend Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (d/e 15) is ALLOWED. The Defendant is directed to file the proposed Amended Answer and Affirmative Defenses, attached to the Motion. Defendant Sukup Manufacturing Company's Request to Revive its Motion for Partial Summary Judgment of Invalidity of Claims 9 and 15 of U.S. Patent No. 6,076,276 Under 35 U.S.C. § 102 (d/e 16) and Defendant's Motion to Supplement the Motion for Partial Summary Judgment of Invalidity of Claims 9 and 15 of U.S. Patent No. 6,076,276 Under 35 U.S.C. § 102 (d/e 20) are DENIED as moot.

IT IS THEREFORE SO ORDERED.

ENTER: December 19, 2005.

    FOR THE COURT:

                      s/ Jeanne E. Scott
                      JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE