IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on: (1) Plaintiff GSI Group, Inc.'s (GSI) Motion to Compel Defendant to Answer Interrogatory No. 3 Regarding the Advice of Counsel Defense, to Produce Related Documents, and to Permit Testimony from Relevant Witnesses (d/e 39) (Motion to Compel); (2) Defendant Sukup Manufacturing Co.'s (Sukup) Motion to Stay Discovery of Advice of Counsel Through the Discovery Phase (d/e 49) (Motion to Stay); and (3) Sukup's Motion for Protective Order Regarding the Scope of Waiver Should Defendant Rely on Advice of Counsel (d/e 50) (Motion for Protective Order). For the reasons set forth below, the Court allows the Motion to Compel in part, denies the Motion to Stay, and allows

1

the Motion for Protective Order. Sukup must tell GSI if it intends to rely on the "advice of counsel defense" to the claim of willful infringement, and if so, Sukup thereby waives the attorney-client privilege for confidential communications between representatives of Sukup and its counsel related to the attorney's opinions on the subject matter.

 GSI served Sukup with an interrogatory that asked:

> State whether SUKUP obtained any advice or opinion of counsel as to U.S. Patents Nos. 6,073,364, 6,076,276, 6,073,367, 6,233,843, 5,135,271 and/or 5,400,525 as to potential infringement or violation of any rights of GSI, and if so, state for each such opinion or advice of counsel: who rendered it and the date the opinion or advice was rendered; identify all documents that show, discuss, or relate to the opinion or advice; and state whether SUKUP intends to rely on any such opinion or advice in denying that any alleged infringement in this law suit was willful or that this is not an exceptional case.

<u>Memorandum in Support of Plaintiff's Motion to Compel Defendant to Answer Interrogatory No. 3 Regarding the Advice of Counsel Defense, to Produce Related Documents, and to Permit Testimony from Relevant Witnesses (d/e 40)</u>, Exhibit 1, <u>Sukup Manufacturing Co.'s Answers to GSI's First Set of Interrogatories</u>, at 4.

 Sukup responded:

> Defendant objects to this request to the extent it seeks

> information otherwise immune from discovery under the attorney-client privilege or work product doctrine.
> Subject to and without waving the foregoing objections, Defendants states:
> At this point in the case, Defendant has not decided whether it will rely on advice of counsel as a defense against the accusation of willful infringement.

Id.  GSI asks the Court to compel Sukup to disclose whether it intends to use the advice of counsel defense, and if so, to allow discovery of all documents related to any advice of counsel, including documents within the possession of the attorneys that were not communicated to representatives of Sukup which would be subject to the work product privilege.  Sukup asks the Court to stay discovery on the advice of counsel defense or, in the alternative, to issue a protective order to limit discovery to communications with Sukup representatives related to those opinions.

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The rule gives the district courts broad discretion in matters relating to discovery.  See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen

3

Plumbers' Local Union No. 130 U.A., 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).  "[I]f there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.  The good-cause standard warranting broader discovery is meant to be flexible." Fed.R.Civ.P. 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D. Pa. 1999).  The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co. Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F.Supp. 1165, 1186 (D. Mass. 1989).

In this case, GSI wants to discover whether Sukup intends to assert the advice of counsel defense to GSI's claim of willful infringement of its patents. If GSI proves willful infringement, GSI may be entitled to exemplary damages, up to three times the actual damages. 35 U.S.C. § 284. Sukup may assert that it relied on advice of counsel to show that it did not act willfully. Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1341 (Fed.Cir. 2004). If Sukup asserts this defense, it must waive its attorney-client privilege with respect to the opinions and advice of its counsel. Id. at 1345. GSI's interrogatory quoted above, thus, seeks information that is relevant and discoverable. Sukup should, thus, disclose whether it intends to use this defense.

Sukup cites the Federal Circuit's discussion of a dilemma that some defendants may face if the privileged communications may assist in disproving willfulness while at the same time prejudice those defendants on the issue of liability. Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643 (Fed.Cir. 1991). Sukup, however, does not argue that any confidential communications would affect its case on liability; thus, the Court sees no reason to delay disclosure of whether Sukup intends to assert this defense.

Sukup also asks the Court to stay discovery of whether it intends to

5

assert this defense until it has had the opportunity to discover the basis for GSI's claim that it willfully infringed. The Court sees no need for such a stay. The Rules do not require a particular order to discovery. Further, Sukup has had ample opportunity to discover the basis for GSI's willfulness claims.

The authority cited by Sukup to support its request for a stay is an unpublished order in which the court admitted that its decision is contrary to other authority. Solaia Technology, LLC v. Jefferson Smurfit Corp., 2002 WL 1822917, at *1 (N.D. Ill 2002). The facts in Solaia are also distinguishable. The defendant was not aware of the patents prior to the suit and disclosed that it was not going to use the advice of counsel defense for any of its actions prior to the suit, and the plaintiff had not stated whether it claimed that the defendant willfully infringed after the suit was filed. Thus, the advice of counsel defense would only be at issue for the defendant's post-filing actions, and the plaintiff had not put willfulness of those actions at issue. Id. at *1-2. Here, GSI has put Sukup's willfulness at issue. The advice of counsel defense is therefore relevant, and GSI is entitled to discover whether Sukup intends to raise it.

Sukup also asks for a protective order to limit the scope of discovery

6

of its communications with its counsel. The Court agrees that the scope of the waiver of its attorney-client privilege is limited to communications between representatives of Sukup and its counsel related to GSI's patents. The issue is the intent of Sukup. <u>Steelcase Inc. v. Haworth, Inc.</u>, 954 F.Supp. 1195, 1198 (W.D. Mich. 1997). Thus, the only relevant information is material known to representatives of Sukup. <u>Thorn Emi North America, Inc. v. Micron Technology, Inc.</u>, 837 F.Supp. 616, 620-22 (D. Del. 1993). Sukup, thus, does not waive the attorney work product privilege for materials that have not been communicated to representatives of Sukup.

THEREFORE, Plaintiff GSI Group, Inc.'s Motion to Compel Defendant to Answer Interrogatory No. 3 Regarding the Advice of Counsel Defense, to Produce Related Documents, and to Permit Testimony from Relevant Witnesses (d/e 39) is ALLOWED in part. Sukup Manufacturing Co.'s Motion to Stay Discovery of Advice of Counsel Through the Discovery Phase (d/e 49) is DENIED. Sukup's Motion for Protective Order Regarding the Scope of Waiver Should Defendant Rely on Advice of Counsel (d/e 50) is ALLOWED. Sukup is ordered to disclose to GSI by April 21, 2006, whether it intends to assert the advice of counsel defense.

If it elects to assert the defense, it must waive its attorney client-privilege with respect to: (1) the attorney opinions communicated to Sukup on which it relied; (2) all communications between representatives of Sukup and its attorneys related to the subject matter of the attorney's opinions; (3) all documents provided by Sukup to its attorneys that relate to the subject matter of the opinions; and (4) all documents that have been communicated to Sukup, or seen by Sukup representatives, that refer to the opinions. The waiver does not extend to material protected by the attorney work-product privilege unless that material has been disclosed to representatives of Sukup. If Sukup intends to assert the advice of counsel defense, it is ordered to produce by May 8, 2006: (1) documents within the scope of the waiver that are responsive to GSI's outstanding document requests, and (2) a privilege log of responsive documents that are still privileged.

IT IS THEREFORE SO ORDERED.

ENTER: April 7, 2006.

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE