IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on GSI's Motion to Strike Portions of Sukup's First Amended Answer, Affirmative Defenses and Counterclaims (d/e #161) (Hereafter "Fourth Answer") (d/e 172). For the reasons set forth below, the Motion is ALLOWED in part.

This case was filed on January 19, 2005. Complaint for Patent Infringement (d/e 1) (Complaint). Plaintiff GSI Group, Inc. (GSI) alleged patent infringement by Defendant Sukup Manufacturing Co. (Sukup). GSI filed the First Amended Complaint on May 10, 2005. First Amended Complaint for Patent Infringement (d/e 5) (First Amended Complaint). Sukup filed its Amended Answer on February 21, 2006. Defendant Sukup

1

Manufacturing Co.'s Second Amended Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (d/e 52) (Second Answer). On May 8, 2006, the Court entered the Second Supplemental Scheduling Order (d/e 68) (Scheduling Order). The Scheduling Order barred amendments to the pleadings without leave of court.

On September 5, 2006, GSI filed a Motion for Leave to File Second Amended Complaint. The Court allowed the Motion. Text Order entered September 25, 2006. GSI ultimately filed its Third Amended Complaint on November 27, 2006. Third Amended Complaint for Patent Infringement and Unfair Competition (d/e 129) (Third Amended Complaint).[1] The Third Amended Complaint added claims against Sukup for unfair competition and deceptive practices based on alleged misappropriation of GSI's data regarding specifications for its tower grain dryers and misrepresentations that the same data were contained in the specifications of Sukup's tower grain dryers. The Complaint and First Amended Complaint did not allege any of these theories related to unfair competition

---

[1]GSI filed a Second Amended Complaint containing the same additional claims. Second Amended Complaint for Patent Infringement and Unfair Competition (d/e 97). GSI filed the Third Amended Complaint to address Sukup's claim that the Second Amended Complaint failed to allege certain claims with sufficient particularity. See Sukup Motions to Dismiss (d/e 101, 102, 103, & 104).

2

or deceptive trade practices.

On December 11, 2006, Sukup filed its Answer, Affirmative Defenses and Counterclaims to the Third Amended Complaint (d/e 133) (Third Answer). The Third Answer added affirmative defenses and counterclaims not included in Sukup's prior Answers. The new affirmative defenses and counterclaims related to the patent dispute set forth in the Complaint and First Amended Complaint. Sukup did not seek leave of court before filing this document.

On January 3, 2007, GSI moved to strike the portions of the affirmative defenses and counterclaims in the Third Answer that were not included in Sukup's prior Answers. On January 22, 2007, again without leave of court, Sukup filed its First Amended Answer, Affirmative Defenses, and Counterclaims and Demand for Jury Trial in Response to Plaintiff's Third Amended Complaint (d/e 161) (Fourth Answer). Sukup added the two additional affirmative defenses that GSI's claims were barred by the doctrine of preemption, and that GSI's claims were barred by the doctrine of settlement and estoppel. <u>Fourth Answer, Tenth Affirmative Defense and Eleventh Affirmative Defense</u>. The Fourth Answer also added two antitrust counterclaims for monopolization and attempted monopolization. <u>Id.</u>,

3

Sixth Counterclaim and Seventh Counterclaim. GSI now seeks to strike the portions of the Fourth Answer that were not in Sukup's Second Answer filed prior to the Scheduling Order.

GSI argues that Sukup must have leave of court to file additional affirmative defenses and counterclaims pursuant to the Scheduling Order. Sukup replies that it may file the Third Answer as a matter of right because GSI filed the Third Amended Complaint, thereby rendering the prior answers moot. Sukup further argues that it may file the Fourth Answer as a matter of right to amend the Third Answer because GSI has not filed a responsive pleading to its Third Answer. Fed. R. Civ. P. 15(a).

The first issue is whether Sukup could file additional counterclaims and affirmative defenses in the Third Answer. Sukup argues that GSI's Third Amended Complaint rendered its prior Answer moot and so it can start over with new theories without leave of court. GSI argues that the Court's Scheduling Order prohibits new affirmative defenses and counterclaims unless Sukup first secures leave of court. GSI relies on authority that holds that if an amended complaint does not change the scope or theory of a case, then the responsive pleading cannot add new theories either. E.g., Videojet Systems Intern., Inc. v. Inkjet, Inc., 1997 WL

124259, at *6 (N.D. Ill., 1997); Dorr-Oliver Inc. v. Fluid-Quip, Inc., 1994 WL 11650, at *2 (N.D. Ill., 1994). The Court agrees; however, if the amended complaint adds new theories of recovery or changes the scope of the case, then the defendant is free to plead anew as if the prior pleadings did not occur. Dorr-Oliver Inc., 1994 WL 11650, at *2. In this case, GSI elected to add new theories of recovery for unfair competition and deceptive practices. These new theories were not based on Sukup's alleged patent infringement, but rather, on its alleged marketing techniques and misappropriation of GSI's data. Because GSI elected to expand the scope of the case, Sukup may expand the scope of its response. Sukup was, therefore, entitled to file, without leave of court, new affirmative defenses and counterclaims in the Third Answer.

The next issue is whether Sukup was entitled to file, without leave of court, the Fourth Answer. A party is entitled to amend without leave of court if no responsive pleading has been filed, unless no responsive pleading is allowed; in the latter situation, the party has twenty days to file the amendment, unless the case is on the Court's trial calendar. Fed. R. Civ. P. 15(a). No responsive pleadings are allowed to answers or affirmative defenses. Fed. R. Civ. P. 7(a). Sukup waited more than twenty days to file

5

the Fourth Answer, and the matter is on the Court's trial calendar on July 3, 2007. Text Order entered December 20, 2006. Sukup, therefore, could not amend the affirmative defenses set forth in the Third Answer without leave of court. The additional two affirmative defenses in the Fourth Answer that are not in the Third Answer are therefore stricken.

A reply, however, must be filed to respond to a counterclaim. Fed. R. Civ. P. 7(a). GSI did not file a reply to Sukup's counterclaims in the Third Answer prior to January 22, 2007. Sukup, therefore, could amend its counterclaims to add additional claims without leave of court on that date. Fed. R. Civ. P. 15(a). GSI's request to strike the additional counterclaims is denied.

THEREFORE, GSI's Motion to Strike Portions of Sukup's First Amended Answer, Affirmative Defenses and Counterclaims (d/e #161) (d/e 172) is ALLOWED in part. The Tenth and Eleventh Affirmative Defenses are stricken from the First Amended Answer, Affirmative Defenses, and Counterclaims and Demand for Jury Trial in Response to Plaintiff's Third Amended Complaint (d/e 161). The Motion is otherwise denied. GSI's Motion to Strike Portions of Sukup's Answer, Affirmative Defenses and Counterclaims (d/e 148) is DENIED as moot by virtue of the filing of

Sukup's Fourth Answer.

IT IS THEREFORE SO ORDERED.

ENTER:   March 8, 2007.

    FOR THE COURT:

                                                s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE