IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE GSI GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-3011 |
| ) | |
| SUKUP MANUFACTURING CO., ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on GSI Group, Inc.'s (GSI) Motion to Strike Portions of the "Supplemental" Report of Jerry Lee Hall (d/e 145) (Motion to Strike). For the reasons set forth below, the Motion is ALLOWED in part.

Initial expert reports were due by October 30, 2006. Minute Entry of Hearing on August 2, 2006. GSI has alleged infringement, and so, submitted expert reports on Sukup Manufacturing Co.'s (Sukup) alleged infringement. Sukup has asserted the invalidity of GSI's patents as a defense, and so has the burden of proof on that issue. Sukup, thus, submitted the report of an expert on the issue by Dr. Jerry Lee Hall.

1

Sukup's Opposition to GSI's Motion to Strike Portions of the "Supplemental" Report of Jerry Lee Hall (d/e 153) (Sukup Opposition), Exhibit 3, Expert Witness Report of Dr. Jerry Lee Hall (Original Report). The discovery scheduling order then allowed parties to disclose rebuttal opinions by their respective experts. Hall filed another report. Motion to Strike, Exhibit B, Supplemental Report of Dr. Jerry Lee Hall, Hall-Wade Engineering Services December 5, 2006 (Supplemental Report). In that Report, Hall responded to GSI's experts' opinions on infringement and also submitted some additional opinions on invalidity of GSI's patents. GSI asks to bar Sukup from presenting these additional opinions on invalidity. As set forth below, the Court agrees that the additional opinions on invalidity are untimely. The late disclosure of some of the opinions challenged by GSI, however, is harmless. Sukup may present the opinions set forth in those paragraphs. The other material to which GSI objects is stricken and Sukup may not use those opinions in this case.

An expert's opinion may not be presented at trial if the expert's report was not disclosed to the other side within the deadline set by the Court, unless the party was justified in missing the deadline or the untimeliness of the disclosure was harmless. Fed. R. Civ. P. 37(c)(1). Unless the

2

untimeliness was justified or harmless, the exclusion is automatic. <u>Finley v. Marathon Oil Co.</u>, 75 F.3d 1225, 1230 (7th Cir. 1996). Here, Hall has submitted expert opinions about the invalidity of GSI's patents in the Supplemental Report. These opinions were not timely disclosed. Sukup must show that the untimeliness of the disclosure of the opinions is harmless or justified.

GSI objects to the opinions in ¶¶ "6" on page 4, "9" on page 7, "3" on page 8, "3" on page 9, and "5" on page 16 of the Supplemental Report. Paragraphs "6" on page 4 and "9" on page 7 express the opinions that the prior art of the Butler and Mathews tower grain dryers contained all the relevant features of GSI's patent claim at issue. Hall expressed substantially the same opinions in the Original Report. <u>Original Report</u>, at 10-13. Repetition of these opinions is harmless, and the opinions are not stricken. Paragraphs "3" on page 8 and "3" on page 9 express the opinions that certain photographs of prior tower grain dryers show features consistent with some of the claims in one of GSI's patent. Hall expressed substantially the same opinions in the Original Report. <u>Original Report</u>, at 10. The late disclosure of these opinions in the Supplemental Report is harmless, and the opinions are not stricken.

GSI objects to certain paragraphs in the Supplemental Report in which Hall expressly incorporated some of his opinions in the Original Report into the Supplemental Report by cross reference. <u>Supplemental Report</u>, at 9-11, three separate sections each entitled "B. Prior Art Considerations." The reference to these opinions is harmless. These paragraphs are not stricken.

GSI objects to ¶ "5" on page 16 of the Supplemental Report. In that paragraph, Hall opines that the GSI patent for the flame burner cone is invalid because of prior art in a patent called the '863 patent. Hall expressed the same opinion in the Original Report. <u>Original Report</u>, at 21. The disclosure of that opinion in the Supplemental Report is harmless, and the paragraph is not stricken.

GSI objects to the opinions in ¶ "3" on page 6 of the Supplemental Report. This paragraph expresses the opinion that one of GSI's patent claims was invalid because of the Prior Art in a patent identified as the Ausherman patent 3,333,348, dated August 1, 1967. This opinion is not in the Original Report. The disclosure of this opinion in the Supplemental Report is not harmless or justified, and so Sukup is barred from using this opinion in this case.

GSI objects to a section of the Supplemental Report on page 7,

4

entitled "B. Prior Art Consideration". This section contains two paragraphs. The first paragraph contains opinions about the impact of a preexisting device called a "Zimmerman Accutrol metering device" on the validity of GSI's patents. This opinion is not in the Original Report. As such, the disclosure of this opinion in the Supplemental Report is not harmless or justified, and Sukup is barred from using this opinion in this case. The second paragraph, however, opines that certain specific photographs of preexisting tower grain dryers contain the same features as GSI's patented dryers. Hall rendered substantially the same opinion in the Original Report. <u>Original Report</u>, at 10. Disclosure of this paragraph is harmless and is not stricken.

GSI objects to another section of the Supplemental Report on page 13, also entitled "B. Prior Art Consideration". In this section, Hall expands on his opinions regarding GSI's patent of its grain bin latch. Hall expressed opinions on this matter in the Original Report. <u>Original Report</u>, at 18-19. Sukup is limited to the opinions in the Original Report. The additional opinions in this section of the Supplemental Report that are not within the Original Report are stricken, and Sukup may not present them in this case.

GSI objects to Hall's opinion in the supplemental report that, "I also

5

assert that the claim analysis of the '525 patent would have caused infringement by GSI of the prior art Creuz 3,881,863 filed on July 9, 1973." Supplemental Report, at 15. Hall discusses the Creuz '863 patent in the Original Report. Original Report, at 21. He nowhere opines that GSI infringed on the prior art in that patent. The untimely disclosure of this opinion, therefore, is not harmless or justified and is stricken.

GSI finally objects to another section of the Supplemental Report on page 16-17, also entitled "B. Prior Art Consideration". In this section, Hall expands on his opinions regarding GSI's patent of its flame burner cone. Hall expressed opinions on this matter in the Original Report. Original Report, at 21-22. Sukup is limited to the opinions in the Original Report. The additional opinions in this section of the Supplemental Report that are not within the Original Report are stricken, and Sukup may not present them in this case.

Sukup argues that the stricken opinions are proper rebuttal. The Court disagrees. Hall should have included these opinions in his Original Report and then cross referenced them, as he did with other opinions, if he wished to use them in rebuttal; he should not have waited until the Supplemental Report to add these additional opinions on invalidity.

Sukup also argues that Hall's new opinions are made pursuant to its obligations to supplement discovery. The Court again disagrees. Sukup has a duty to supplement when the expert formulates new opinions based on material that was not available at the time that the original opinions were due. Fed. R. Civ. P. 26(e). See Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 109-10 (D.D.C. 2005). Hall does not rely on information just uncovered in discovery. His new opinions are based on evidence that was available before he wrote his Original Report. These are not proper supplements.

Sukup also argues that the untimeliness of the new opinions is harmless. The Court again disagrees. If the Court allows these new opinions to be considered, then GSI will be required to have its experts review these opinions and submit supplemental rebuttal opinions. This only extends discovery and delays the resolution of this matter. This is not harmless.

Sukup finally makes a vague, but potentially disturbing argument, that barring admission of these opinions will prejudice GSI because Sukup will present the opinions at trial anyway:

> Also, to strike the cited portions only serves to prejudice

>
> GSI. If the cited portions are not included, GSI will be denied the opportunity to explore these areas with Dr. Hall, with the potential that it could be "ambushed" at trial by other means. By allowing the portions GSI avoids this potential disadvantage. Leaving the cited portions in the report is a benefit to GSI that eliminates the very concern (i.e., surprise) that in part prompted the filing of the motion.

<u>Sukup's Opposition to GSI's Motion to Strike Portions of the "Supplemental" Report of Jerry Lee Hall</u>, at 8. This statement is somewhat vague, but appears to imply that Sukup will attempt to present these opinions at trial through other means. If Sukup properly disclosed another expert who expressed comparable opinions in a properly disclosed expert report, that other expert may express those opinions. If so, GSI will not be ambushed because it may explore those opinions with that expert in discovery. Further, if the information to which Sukup alludes is admissible relevant factual information properly available from another source in discovery, the factual information may be presented at trial from the other available sources. GSI, again, would not be ambushed because the information would have been available in discovery. The untimely opinions of Hall, however, are barred, and Sukup shall not present these opinions at trial through Hall or through other means.

    THEREFORE, GSI's Motion to Strike Portions of the "Supplemental"

Report of Jerry Lee Hall (d/e 145) is ALLOWED in part. The Motion is allowed with respect to the following portions of the Supplemental Report of Dr. Jerry Lee Hall, Hall-Wade Engineering Services December 5, 2006:

1. ¶ "3" on page 6;

2. The first paragraph of the section entitled "B. Prior Art Considerations" on page 7;

3. The section entitled "B. Prior Art Considerations" on pages 13-14;

4. The sentence: "I also assert that the claim analysis of the '525 patent would have caused infringement by GSI of the prior art Creuz 3,881,863 filed on July 9, 1973." on page 15; and

5. The Section entitled "B. Prior Art Considerations" on pages 16-17.

The Motion is denied with respect to the following portions of the Supplemental Report:

1. The three sections entitled "B. Prior Art Considerations" on pages 9-10, 10, and 11.

2. ¶ "6" on page 4;

3. ¶ "9" on page 7;

4. ¶ "3" on page 8;

5. ¶ "3" on page 9;

6. ¶ "5" on page 16; and

7. The second paragraph of the section entitled "B. Prior Art Considerations" on page 7.

IT IS THEREFORE SO ORDERED.

ENTER: March 8, 2007.

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE