IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Sukup Manufacturing Co.'s (Sukup) Combined Motion and Memorandum in Support of Its Motion in Limine to Exclude Expert Testimony of Mark Hoffman, or in the Alternative, To Strike the Supplemental Expert Report of Mark Hoffman (d/e 183) (Motion).  The Motion is ALLOWED in part.  The opinions of Mark Hoffman in his Original Report are not barred at this time.  Motion, Exhibit A, Preliminary Report of Mark E. Hoffman dated October 31, 2006 (d/e 184) (Original Report).  His Supplemental Report was untimely; thus, opinions in that Report are barred unless their disclosure was harmless or justified.  Motion, Exhibit B, Supplemental

1

Report of Mark E. Hoffman dated December 15, 2006 (d/e 184) (Supplemental Report). The late disclosure of most of the opinions in the Supplemental Report was harmless because they were already contained in the Original Report.

Sukup does not dispute whether the Original Report was timely and does not seek to bar the opinions in the Original Report at this time. Defendant Sukup Manufacturing Co.'s Reply in Support of Its Combined Motion in Limine To Exclude Plaintiff's Expert Mark Hoffman or Strike His Supplemental Expert Report (d/e # 183) (d/e 215), at 2. The Original Report stated that Sukup's total sales of tower grain dryers during the relevant period was $2,947,966.00. Original Report, at 7, ¶ 16. The Original Report also stated that Sukup had not produced any cost of sales information for the sale of tower grain dryers. Id., at 25, ¶ 50.

On December 15, 2006, GSI disclosed the Supplemental Report. In the Supplemental Report, Hoffman discussed GSI's damages for its unfair competition claim under the Lanham Act. Supplemental Report, at 1-4. The Supplemental Report first contained Hoffman's understanding of the law of damages under the Lanham Act. Id., at 1, ¶ 3. Hoffman stated that GSI only had the burden to prove gross sales; Sukup had the burden to

2

prove the costs that should be subtracted from the sales. See 15 U.S.C. § 1117. Hoffman then repeated the statement in his Original Report that Sukup's gross sales of tower grain dryers during the relevant period was $2,947,966.00. He also repeated his statement that Sukup had not produced any information on its costs for the production and sale of thirteen of Sukup's fourteen tower grain dryers. Id., at 1-2, ¶ 4-5. Hoffman then discussed in detail some statements by a Sukup representative, Steve Sukup, about the costs incurred in the sale of one tower grain dryer. Hoffman stated that information was not reliable. Id., at 2-3, ¶ 5-10.

Sukup now moves to exclude the opinions expressed by Hoffman in the Supplemental Report. Expert opinions may not be presented at trial if the expert's report was not disclosed to the other side within the deadline set by the Court, unless the party was justified in missing the deadline or the untimeliness of the disclosure was harmless. Fed. R. Civ. P. 37(c)(1). Unless the untimeliness was justified or harmless, the exclusion is automatic. Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996).

The Supplemental Report was clearly late. Much of the disclosure, however, was harmless. Hoffman's opinions about the law of damages under the Lanham Act are harmless. These statements are not expert opinions, but

3

are preliminary comments by him to explain the basis of his opinion. Hoffman disclosed his calculation of the total sales in the Original Report, so disclosure of the same information here is harmless.[1]

Hoffman also stated in the Original Report that Sukup had not disclosed any information on the costs of the sale of its tower grain dryers. His inclusion of that opinion in the Supplemental Report is also harmless. Hoffman, however, expanded on his opinions regarding the lack of cost of sales information. GSI is limited to Hoffman's opinions in the Original Report. The additional opinions in this section of the Supplemental Report that are not within the Original Report are stricken, and GSI may not present them in this case.

THEREFORE, Defendant Sukup Manufacturing Co.'s Combined Motion and Memorandum in Support of Its Motion in Limine to Exclude Expert Testimony of Mark Hoffman, or in the Alternative, To Strike the Supplemental Expert Report of Mark Hoffman (d/e 183) is ALLOWED in part. The GSI Group, Inc., is barred from presenting the expert opinions by

---

[1] The Court similarly determined in its Opinion entered March 8, 2007 (d/e 213) that the disclosure of opinions of Sukup's expert Jerry Hall in his Supplemental Report was harmless if those opinions had already been disclosed in Hall's original report. See generally Opinion entered March 8, 2007 (d/e 213).

4

Mark Hoffman contained in paragraphs 5-10 of the Supplemental Report to the extent that those opinions were not included in Hoffman's Original Report. The Motion is otherwise DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: March 14, 2007.

    FOR THE COURT:

                      s/ Jeanne E. Scott
                      JEANNE E. SCOTT
              UNITED STATES DISTRICT JUDGE