**E-FILED**
Friday, 16 March, 2007  02:36:20 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

THE GSI GROUP, INC.,       )
                          )
        Plaintiff,      )
                          )
        v.           )    No. 05-3011
                          )
SUKUP MANUFACTURING CO.,   )
                          )
        Defendant.    )

## OPINION

BYRON G. CUDMORE,  U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Sukup

Manufacturing Company's (Sukup) Motion to Compel Privileged

Documents (d/e 181) (Motion to Compel).  For the reasons set forth below,

the Motion is DENIED.

Plaintiff GSI Group, Inc. (GSI) designated several individuals as

expert witnesses, including three GSI employees Burl Shuler, David

Morrison, and Randal Sheley.  GSI supplied Sukup with expert reports from

these disclosed witnesses.  On November 17, 2006, Sukup served on GSI

**Page 1 of  6**

its Fourth Request for Production of Documents, which included Request

No. 176.  This request asked for,

> All documents shown to, considered, and/or relied upon by
> Renner, Towne, Hoffman, Shuler, Morrison, and Sheley in
> preparation of their expert reports and testimony.

Motion to Compel, Exhibit A, Sukup Manufacturing Co.'s Fourth Request

for Production of Documents and Things Nos. 170-176 to GSI Group, Inc.,

at 3.  GSI responded,

> OBJECTION to the extent this Request seeks materials
> covered by the attorney-client privilege or the work product
> doctrine.  Further OBJECTION in that all such materials are
> identified in each of the said experts' reports, and are all such
> materials are either already in the possession of Sukup or
> equally available to Sukup.

Motion to Compel, Exhibit B, GSI's Responses to Sukup Manufacturing

Co.'s Fourth Request for Production of Documents and Things Nos. 170-

176, at 5.  In subsequent correspondence between counsel, Sukup's

counsel requested production of specific documents identified on GSI's

privilege log.  The documents requested related to communications that

involved GSI's counsel and employees Morrison, Shuler, or Sheley.  The

privilege log indicated that GSI asserted either the attorney-client or work

product privilege for these documents.  GSI's counsel refused to produce

these documents, reasserting GSI's claims of privilege.  Motion to Compel,

Exhibits C and E, <u>Correspondence Between Attorneys Zarley and Cunningham</u>.

Sukup's Motion to Compel now asks this Court to order GSI to turn over all documents seen by GSI's expert witnesses, including the ones identified in the correspondence.  The communications between counsel before bringing this matter to the Court, however, narrowed the dispute to documents seen by Morrison, Shuler and Sheley, rather than documents seen by the other experts.  Sukup's Memorandum also seems to be limited to documents seen by these three witnesses.  Therefore, the Court will only address the issue of documents seen by these three witnesses for which GSI has asserted a claim of privilege.  If Sukup is seeking documents seen by other expert witnesses, it should attempt to secure those documents directly from GSI.  If the parties fail to resolve any such disputes, Sukup should file another motion.  <u>Fed. R. Civ. P.</u> 37(a)(2)(A).

Sukup argues that GSI effectively waived its claim of privilege to any documents seen by these three witnesses because GSI elected to designate them as expert witnesses.  GSI is required to disclose the identity of all witnesses who will provide expert opinion testimony.  <u>Fed. R. Civ. P.</u> 26(a)(2)(A).  GSI is also required to provide Sukup with reports from

certain expert witnesses, which reports must include, <u>inter</u> <u>alia</u>, "the data or other information considered by the witness in forming the opinions." <u>Fed. R. Civ. P.</u> 26(a)(2)(B).  Sukup argues that Rule 26(a)(2)(B) requires GSI to disclose everything that these three witness have seen prior to formulating their opinions, including otherwise privileged materials.  Sukup argues that the obligation under Rule 26(a)(2)(B) effectively waives GSI's claim of privilege to any documents that these three expert witnesses saw before formulating their opinions.

The Court disagrees with Sukup's analysis because Rule 26(a)(2)(B) does not apply to these three witnesses.  Rule 26(a)(2)(B) requires certain, specific expert witnesses to prepare and produce reports that include the type of information sought by Sukup.  The Rule applies to, "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." <u>Fed. R. Civ. P.</u> 26(a)(2)(B).  Employees of a party who do not regularly give expert testimony as part of their duties are not required to produce expert reports that disclose all the data on which they relied.  <u>Bank of China, New York Branch v. NBM LLC</u>, 359 F.3d 171, 182 n. 13 (2$^d$ Cir. 2004); <u>Navajo Nation v. Norris</u>, 189 F.R.D. 610, 612-13 (E.D. Wash. 1999);

**Page 4 of  6**

Bowling v. Hasbro, Inc., 2006 WL 2345941, at *1-2 (D. R.I. 2006).[1]  Sukup

does not claim that Morrison, Shuler or Sheley regularly provide expert

testimony as part of their duties at GSI.  Rule 26(a)(2)(B), therefore, does

not require these employee experts to prepare expert reports.  Hence,

GSI's decision to use them as expert witnesses does not constitute a

waiver of GSI's claims of privilege to the documents sought.[2]

   Sukup also argues that GSI failed to comply with Federal Rule of Civil

Procedure 26(b)(5) by failing to provide a proper privilege log, and

therefore, lost any claim of privilege to these documents.  Defendant's

Memorandum In Support of Motion to Compel Privileged Documents (d/e

182) (Defendant's Memorandum), at 6-7.  Sukup previously challenged the

sufficiency of GSI's privilege log.  Defendant's Motion Requesting Waiver

of Privilege (d/e 123).  The Court denied that motion as untimely.  Text

Order entered December 15, 2006.  Sukup has, thus, waived its ability to

---

   [1]Some courts have reached an opposite conclusion.  See e.g., Day v. Consolidated Rail Corp., 1996 WL 257654 (S. D. N. Y. May 15, 1996).  However, these courts ignore the plain meaning of the words of the Rule.  The Court agrees with the cases cited in the opinion above that Rule 26(a)(2)(B) does not require employees to prepare expert reports.

   [2]The Court notes that GSI has actually given Sukup more than the Rules require by providing expert reports from these individuals.

complain about the sufficiency of GSI's privilege log.[3]  GSI's request to

compel production of these documents on the grounds that GSI waived its

claims of privilege is denied.[4]

WHEREFORE, Defendant's Motion to Compel Privileged Documents

(d/e 181) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   March 16, 2007

FOR THE COURT:


_____s/Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[3]GSI also argues that Sukup waived its right to challenge GSI's objections to Request No. 176, quoted above, because on February 27, 2005, Sukup requested documents seen by experts retained by GSI, and Sukup failed to file a timely motion to challenge GSI's response to that request.  See Memorandum in Opposition to Sukup's Motion to Compel Privileged Documents (d/e 182)(d/e 205), at 4.  Sukup's February 27, 2005, request was limited to documents seen by retained experts.  The 2005 request did not seek documents seen by employee experts, such as Morrison, Shuler, and Sheley.  Sukup's Request No. 176 is not just a repetition of the prior request.

[4]GSI also argues that Sukup failed to demonstrate a substantial need for privileged materials.  See Fed. R. Civ. P. 26(b)(3).  Sukup's motion only addresses whether GSI's privilege claims have been waived.  The Court does not address at this time any issues concerning whether Sukup has a sufficient need under Rule 26(b)(3) to require GSI to produce privileged materials used by these experts to formulate their opinions.