# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| THE GSI GROUP, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 05-3011 |
| SUKUP MANUFACTURING CO., | ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff GSI Group, Inc.'s (GSI) Motion for Leave to File Reply to Defendant Sukup's Opposition to Plaintiff's Motion to Compel, and for Reconsideration of the Court's Text Order of February 26, 2007 (d/e 199) (Motion to Reconsider).  For the reasons set forth below, the Motion to Reconsider is ALLOWED. Defendant Sukup Manufacturing Co. (Sukup) is ordered to produce financial reports for the years 1999 to 2006, and any partial financial reports and trial balances for 2007.

## STATEMENT OF FACTS

GSI served Sukup with interrogatories and a document request that asked for information and documents that showed total sales, costs,

revenues, and profits for the specific products (Disputed Products) that are alleged to infringe on GSI's patents-in-suit from 1999 to present.  <u>Motion and Memorandum to Compel (d/e 155) (Motion to Compel)</u>, Exhibit 1, <u>GSI's Corrected Fourth Set of Interrogatories to Sukup Manufacturing Co. (Numbers 17-24)</u>, and Exhibit 2, <u>GSI's Corrected Third Request for Production of Documents and Things to Sukup Manufacturing Co.</u>  Sukup objected to most of the interrogatories and requests.

GSI then filed the Motion to Compel.  GSI stated in the Motion to Compel that Sukup represented to GSI that the deposition testimony of Sukup CFO Steven Sukup was the best information that Sukup could provide regarding costs and profits.  <u>Motion and Memorandum to Compel</u>, at 3.  GSI, however, moved to compel responses to the remainder of its interrogatories and document requests.

Sukup responded by representing to the Court that, after the Motion to Compel was filed, Sukup had provided responses to the interrogatories and document requests.  <u>Defendant Sukup's Opposition to Plaintiff's Motion to Compel (d/e 155)</u>, at 1-2.  Based on Sukup's representation to the Court, the Court denied the Memorandum and Motion to Compel as

moot, without prejudice to GSI to refile the motion.  <u>Text Order entered February 26, 2006</u> (Text Order).

GSI has asked the Court to reconsider the Text Order because Sukup had not produced the 2006 trial balance.  Sukup has now produced the 2006 Trial Balance, so that issue is moot.  Sukup, however, also produced for the first time a document entitled "Sukup Manufacturing Co. Financial Report (Compiled) June 30, 2006" (2006 Financial Report). <u>Motion to Reconsider</u>, Exhibit B.  GSI now asks the Court to reconsider the Text Order also to compel Sukup to produce all such compiled financial reports back to fiscal year 1999 (collectively Financial Reports).  Sukup argues that the Financial Reports are not responsive to either the interrogatories or the document requests.  Sukup further argues that GSI's Motion to Reconsider is untimely and that the relevant information has already been produced.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to

lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). ". . . if there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any

matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id.  The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

     District Courts have broad discretion in discovery matters.  Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001).  A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses.  Packman at 647.  However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery.  Id.  Remember, we are talking discovery, not admissibility at trial.

Based on these governing principles, the Financial Reports are responsive and must be produced.  The cost information in the 2006 Financial Report that was produced is relevant to evaluating Steven Sukup's deposition testimony.  Steven Sukup testified about the pricing and costs of the Disputed Products.  <u>GSI's Response to Defendant Sukup's Surreply to GSI's Reply re Plaintiff's Motion to Compel (#246) (d/e 251) (GSI Response)</u>, Exhibit EE, <u>Deposition of Steven Sukup (Steven Sukup Deposition),</u> vol II., at 20-21.  He also prepared exhibits that summarized his testimony about at least some of the Disputed Products going back to 1998.  <u>GSI Response</u>, Exhibits FF, GG, and HH.  His exhibits included cost factors for overhead and labor.  He explained in his deposition that he allocated these factors based on the overall costs incurred by Sukup. <u>Steven Sukup Deposition</u>, at vol. II, 20-21.  The cost information in the Financial Reports is relevant to evaluating Steven Sukup's cost allocation estimates, and so, are responsive to GSI's request for cost information about the Disputed Products.

The Financial Reports are also relevant to evaluating the opinions of Sukup's expert on damages.  Sukup produced the expert report of Wayne Newkirk.  <u>GSI Response</u>, Exhibit II, <u>Preliminary Analysis of Damages,</u>

dated December 6, 2006 (Newkirk Report). Newkirk included in his calculations a figure for costs of goods sold from 1999 to 2005. Newkirk Report, Schedule 2-1. The Financial Reports are relevant to evaluating the actual costs of the Disputed Products.

Also in his report, Newkirk adjusted the amount of salary that three Sukup officers have been drawing. Id., Schedule 2-2. Newkirk states in a footnote, "Reflects normalization of officer compensation of 30%." Id. The adjustment may reduce costs by shifting some payments to the officers from compensation to a form of profit distribution. If so, this could affect the cost analysis made by Steven Sukup. The 2006 Financial Report has information on officers' salaries that would be relevant to evaluating the effect of Newkirk's adjustment of officer compensation on the overall cost analysis for the Disputed Products. The other Financial Reports would also be relevant for this purpose.

Sukup argues that the Financial Reports are cumulative and duplicative of other reports already produced. Sukup notes that it produced Statements of Income and Trial Balances, which contain the same data. GSI responds that the Financial Report contains a breakdown of the some of the cost data in these other reports, and so, contains more information

relevant to these issues.  The Court has looked at the documents submitted and agrees with GSI.  The 2006 Financial Report contains breakdowns of financial information that provides some additional detail.  The Financial Reports, thus, would not be merely cumulative. They should be produced.

Sukup also argues that the information in the Financial Reports dating back to 1999 covers periods of time for which GSI may not recover any damages.  During discovery, parties may seek information that may date back to periods before any relevant statute of limitations, but the requests must be subject to reasonable temporal limits.  See Glenn v. Williams, 209 F.R.D. 279, 282 (D. D.C. 2002).  Thus, GSI may request information that extends a reasonable amount of time before any time bar on its recovery.  Sukup has already provided information dating back to 1998.  It is reasonable to produce other responsive information for that same time period.  In this way, the information already provided can be checked and compared to the Financial Reports.  The request for information dating back to 1999 is reasonable.

Lastly, Sukup argues that the Motion to Reconsider is untimely. Sukup notes that motions to compel must be filed within 60 days of the

event that is the subject of the motion.  Second Supplemental Scheduling Order (d/e 68), ¶ 4.  Sukup argues GSI took more that 60 days after Sukup's response to the discovery request to ask the Court to compel production of the Financial Reports in the Motion to Reconsider.  Thus, the Motion to Reconsider, according to Sukup, is untimely.

The Court disagrees.  GSI's request is timely.  Sukup produced the 2006 Financial Report on February 19, 2007, and the Court entered the Text Order on February 26, 2007.  Text Order;  Motion to Reconsider, Exhibit E, Letter from Timothy Zarley to McPerson D. Moore, dated February 19, 2007.   Before February 19, 2007, GSI was not aware of the existence of the Financial Reports.  GSI filed the Motion to Reconsider on February 28, 2007, only nine days after it learned of the Financial Reports and only two days after this Court entered its Order.  The Motion is timely.

THEREFORE, GSI Group, Inc.'s Motion for Leave to File Reply to Defendant Sukup's Opposition to Plaintiff's Motion to Compel, and for Reconsideration of the Court's Text Order of February 26, 2002 (d/e 199) is ALLOWED.  Defendant Sukup Manufacturing Co. is ordered to produce for inspection and copying: (1) its financial reports for the fiscal years 1999-2006 in the form of compiled reports (as shown in Exhibit B to the Motion);

(2) any partial financial reports for fiscal year 2007; and (3) any partial trial balances for fiscal year 2007.  Defendant to comply with this order and tender the materials ordered to Plaintiff by May 23, 2007.

    IT IS THEREFORE SO ORDERED.

ENTER:    May 9, 2007.

    FOR THE COURT:

        s/Byron G. Cudmore
        BYRON G. CUDMORE
    UNITED STATE MAGISTRATE  JUDGE