IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Sukup Manufacturing Company's (Sukup) Motion for Reconsideration of the Court's September 25, 2006 and November 27, 2006 Text Orders Allowing GSI Leave to File Second and Third Amended Complaints (d/e 270). The Second and Third Amended Complaints added claims arising from Defendant Sukup's marketing materials. Plaintiff GSI Group, Inc. (GSI) alleges that Sukup copied some of GSI's data on the performance of GSI's tower grain dryers and wrongfully published the data in Sukup's advertising materials as the performance data for Sukup's grain dryers.

Sukup argues that GSI was dilatory in filing the motions and failed to

disclose that fact to the Court. A recently deposed GSI employee testified that several GSI employees knew in mid-2005 that Sukup had copied GSI's data on tower dryers and inserted that data into Sukup's marketing materials. The deadline in this case for filing motions to amend the complaint was January 13, 2006. GSI did not file its requests to amend the complaint until September 2006. Sukup complains that GSI did not disclose to the Court in the fall of 2006, when it sought leave to amend, that GSI knew about the marketing materials back in 2005. Sukup argues that GSI was dilatory in filing the amended pleadings and, thus, the amended pleading should be stricken. GSI responds that it was not dilatory because its attorneys were not aware of the copied data in the Sukup marketing materials until July 2006.

This Court has discretion to decide whether to allow the amendments. See Trustmark Ins. Co. v. General & Cologne Life Re of America, 424 F.3d 542, 553 (7th Cir. 2005). Tardy amendments, such as these, should not be allowed absent a showing of good cause. Fed. R. Civ. P. 16(b). Here, GSI knew about the copied data in the marketing materials in ample time to amend the complaint before the January 13, 2006, deadline. The fact that GSI's attorneys were not aware of the existence of these materials until July

2

2006 demonstrates that GSI's counsel acted in good faith, but good faith alone is not good cause; GSI employers were aware of the materials and should have communicated with GSI's attorneys. GSI, thus, was late in bringing the requests to amend the complaint.

In this situation, however, good cause exists not to strike the amendments in order to promote judicial economy. If the Court struck the amendments, GSI would still be entitled to file a separate action based on the allegedly copied data in the marketing materials. Any such action filed in this Court would properly be consolidated with this action, resulting in a procedural posture largely similar to the situation before the Court today (but only after a significant delay and cost to the parties). Thus, to promote judicial economy and to bring a resolution to the dispute between the parties, the Court will not strike the pleadings.

THEREFORE, Defendant Sukup Manufacturing Company's Motion for Reconsideration of the Court's September 25, 2006 and November 27, 2006 Text Orders Allowing GSI Leave to File Second and Third Amended Complaints (d/e 270) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: July 3, 2007.

FOR THE COURT:

> s/ Jeanne E. Scott
> JEANNE E. SCOTT
> UNITED STATES DISTRICT JUDGE