E-FILED
Tuesday, 10 July, 2007  11:15:03 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff GSI Group, Inc.'s (GSI) Motion and Memorandum for Extension of Time to Oppose Defendant's Motion to Strike or Exclude Towne's March 21, 2007 Supplemental Report as Untimely, or in the Alternative, to Set a Scheduling Order for Expert Reports Related to the Unfair Competition Counts (d/e #266) (d/e 274) (Motion for Extension of Time) and Defendant Sukup Manufacturing Company's (Sukup) Combined Motion and Memorandum in Support of a Protective Order for the Noticed Depositions of Trial Counsel and to Quash Notices of Deposition and Subpoenas (d/e 280) (Motion to Quash).  For the reasons set forth below,  the Motion for

1

Extension of Time is denied and the Motion to Quash is allowed.

On October 30, 2006, GSI disclosed the report of one of its expert witness Harmon Towne. The deadline for expert reports was December 6, 2006. GSI disclosed a supplemental report prepared by Towne on March 21, 2007, long after the deadline. The supplemental report contains additional opinions related to GSI's unfair competition and deceptive business practices counts.

Sukup has moved to exclude Towne's supplemental report as untimely. Defendant's Motion to Strike or Exclude Towne's March 21, 2007 Supplemental Expert Report as Untimely, or in the Alternative, to Set a Scheduling Order for Expert Reports Related to the Unfair Competition Counts (d/e 266) (Motion to Exclude). In support of the Motion to Exclude, Sukup submitted the Declaration of one of its attorneys, Paul A. Maddock. Motion to Exclude, Exhibit D, Declaration of Paul A. Maddock (Declaration). The Declaration states in the first paragraph:

> 1. This Declaration is based on my personal review of the Expert Report of Harmon Towne dated October 30, 2006, his "Supplemental" Expert Report dated March 21, 2007, and my personal knowledge, including knowledge acquired in college where I obtained a B.S. in Chemical Engineering from the University of Kansas as well as my experience as a process engineer and sales engineer prior to attending law school. I am

over the age of eighteen and am competent to testify to the facts as set forth herein.

Declaration, ¶ 1.  Maddock then identified matters in the supplemental report that he believed constituted new opinions not included in Towne's original report.  Declaration, ¶¶ 4-14.  GSI now asks for the opportunity to depose Maddock and a representative of his firm Thompson Coburn, LLP (Thompson Coburn), before responding to the Motion to Exclude.  Sukup asks for a protective order to stop the proposed depositions.

The Court has reviewed the Declaration and determined that it should be stricken.  Maddock is not disclosed as an expert witness, and so cannot render opinions based on his education and experience as an engineer. Further, any attempt to offer legal expert opinions to the Court is improper. Finally, Sukup states that Maddock is not intended to be a witness in this case.  Motion to Quash, at 4.  If he is not a witness, then his Declaration is again improper.  For all these reasons, the Court will strike the Declaration and will not consider it in ruling on the Motion to Exclude.

The Court sees no reason to extend the time to respond to the Motion to Exclude.  This Court previously ruled that supplemental reports by expert witnesses may include new opinions only if the party was justified in not

3

disclosing the opinions prior to the deadline or if the disclosure of those opinions was harmless.  Opinion entered March 14, 2007 (d/e 220), at 3. See Fed. R. Civ. P. 37(c)(1).  Thus, the issue in the Motion to Exclude is whether the opinions set forth in Towne's supplemental report are harmless or whether the delay in disclosing them was justified.  Since the Declaration is stricken, GSI has no need to take discovery before responding to the Motion to Exclude.  The Motion for Extension of Time is denied.

Because the Declaration is stricken, GSI has no need to depose either Maddock or Thompson Coburn.  Depositions of opposing counsel present significant risk of harassment and disruption of the preparation of the case for trial.  Taylor Machine Works, Inc. v. Pioneer Distribution, Inc., 2006 WL 1686140, at *1 (C.D. Ill. 2006).  This Court has discretion to limit discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).  Deposition of trial counsel should be allowed in limited situations in which the need for securing the information from the attorney, rather than another source, outweighs the potential risks for disruption of the adversary process and the potential for abuse and harassment of counsel.  The exercise of the Court's discretion in this situation should be flexible and it should consider all the

relevant circumstances.  Factors to be considered include the relevance of the information and the availability of the information from other sources. <u>Taylor Machine</u>, 2006 WL 1686140, at *2-4.

The depositions of Maddock and Thompson Coburn are not justified, especially since the Declaration is stricken.  The proposed depositions would cost time and money to all parties and would further delay these proceedings.  The depositions would not produce any significant information, and certainly would not produce any information that would not be available from other sources.  The Court is convinced that the parties should not go down this wasteful, time-consuming path.

GSI argues that Maddock waived the attorney-client and work product privileges by executing the Declaration.  The Court sees no waiver. Maddock's opinions in the Declaration only reflect a careful reading of the relevant portions of Towne's two reports and a knowledge of the allegations in the pleadings, nothing more.  The Court will not consider these opinions for the reasons stated above, but Maddock's declarations of those opinions do not demonstrate a waiver of any confidential communications with Sukup or any other materials subject to either the attorney-client or work product privileges.  The Court, therefore, will quash the notices of

deposition and enter a protective order to preclude GSI's proposed deposition of Maddock and Thompson Coburn.[1]

THEREFORE, Plaintiff GSI Group, Inc.'s Motion and Memorandum for Extension of Time to Oppose Defendant's Motion to Strike or Exclude Towne's March 21, 2007 Supplemental Report as Untimely, or in the Alternative, to Set a Scheduling Order for Expert Reports Related to the Unfair Competition Counts (d/e #266) (d/e 274) is DENIED. The Declaration of Paul A. Maddock, Exhibit D to the Motion to Exclude (d/e 266), is stricken. The Court will not consider the Declaration for any purpose. GSI is directed to file its response to the Motion to Exclude by July 25, 2007. Defendant Sukup Manufacturing Company's Combined Motion and Memorandum in Support of a Protective Order for the Noticed Depositions of Trial Counsel and to Quash Notices of Deposition and Subpoenas (d/e 280) is ALLOWED. The outstanding Notices of Deposition for Maddock and Thompson Coburn, LLP, are quashed. GSI is precluded from conducting discovery directed at Maddock and Thompson Coburn at

---

[1]The Court recognizes that an outstanding issue exists regarding the scope of the waiver of the attorney-client privilege that occurred as a result of Sukup's advice of counsel defense. See Text Order entered April 17, 2007. This Opinion does not address that issue at this time.

this time.

IT IS THEREFORE SO ORDERED.

ENTER:   July 10, 2007.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE