IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| THE GSI GROUP, INC., ) | |
| Plaintiff, ) | |
| v. ) | No. 05-CV-3011 |
| SUKUP MANUFACTURING CO., ) | |
| Defendant. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Plaintiff GSI Group, Inc.'s (GSI) Motion for Reconsideration of the Court's Order of August 3, 2007 and Plaintiff's Alternate Motion to Require Defendant to Certify 90 Days Before Trial Which Witnesses Defendant Will Call at Trial and to Permit Plaintiff to Depose Such Newly Disclosed Witnesses (d/e 317) (Motion to Reconsider). For the reasons set forth below, the Motion to Reconsider is denied.

In a series of motions filed in June and July 2007, GSI sought to strike Defendant Sukup Manufacturing Co.'s (Sukup) Second, Third, and Fourth Supplemental Rule 26(a)(1) Disclosures, based on what GSI

characterized as Sukup's "backdoor" attempt to "reopen" discovery.  See d/e 275, 298, & 308.  In compliance with this Court's order, Sukup filed its Fourth Supplement in two distinct documents, one designated Confidential-Attorneys' Eyes Only (d/e 305) and one designated Confidential (d/e 306). Text Order, dated July 6, 2007.  In the event the Court declined to strike the supplemental disclosures, GSI asked the Court to downgrade the confidentiality level of docket entry 305 from Confidential-Attorneys' Eyes Only to Confidential so that GSI representatives could aid in determining the relevancy of the witnesses.

By Order (d/e 313), dated August 3, 2007 (August 3rd Order), this Court allowed, in part, and denied, in part, GSI's motions to strike.  The Court struck witnesses identified as having discoverable information relating to Counts I - III who were not made known to GSI during the period that discovery was on-going as to these counts.  Noting that discovery was on-going on Counts IV - VII, the Court declined GSI's request to strike witnesses identified as having discoverable information relating to those counts.  The Court also struck certain witnesses that related solely to anti-trust counterclaims that were no longer pending in the litigation.  The Court allowed GSI's request to downgrade the confidentiality level of five

individuals or entities, but held that the remaining designations were supported by the record as a whole.

GSI asks the Court to reconsider its August 3rd Order and to strike Sukup's Second, Third, and Fourth Supplemental Rule 26(a)(1) Disclosures in their entirety. In the alternative, GSI asks the Court to order Sukup to certify its trial witnesses ninety days before trial and to provide GSI with a detailed description of the testimony that each witness will give at trial. GSI further requests that it be allowed to depose the trial witnesses certified by Sukup. GSI's requests are denied.

GSI asserts that the Supplemental Disclosures violate Fed. R. Civ. P. 1 & 26, based primarily on the volume of witnesses and the proffered descriptions of the identified individuals and entities. GSI fails, however, to identify any error of law or fact in the August 3rd Order. The Motion to Reconsider merely re -presents arguments that this Court has previously rejected. The Seventh Circuit has recognized that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). GSI contends that it has no ability

to discover the information that the witnesses listed in the supplemental disclosures may possess, beyond the descriptions proffered by Sukup. This argument fails to take into account the fact that discovery has been extended. Moreover, a large number of the individuals and entities disclosed are third-parties. GSI fails to explain why it would be precluded from gathering information from non-parties. GSI's request for reconsideration of the denial of its request to strike the disclosures is denied.

GSI quibbles with the Court's decision to uphold Sukup's designation of many of the witnesses as Confidential – Attorneys' Eyes Only. Again, GSI fails to identify any error. The individuals or entities designated as Confidential – Attorneys' Eyes Only fall within the definition set out in the Agreed Protective Order or emanate from deposition testimony that GSI designated Confidential – Attorneys' Eyes Only. GSI expressly questions Sukup's designation of certain of GSI's employees as Confidential – Attorneys' Eyes Only, arguing that it creates a dilemma for counsel and characterizing this designation as "truly a mystery." The only individuals who are described as GSI employees who are designed Confidential – Attorneys' Eyes Only are those identified in docket entry 305 as numbers

34, 101, 113, 119, 124, 144, 152, 168, 222, 238, and 256.[1]  As the Court has previously noted, the record reveals that these names emanate from deposition testimony designed Confidential – Attorneys' Eyes Only by GSI.  Thus, Sukup correctly designated them as such, and any perceived dilemma is of GSI's own making.  GSI's request for reconsideration of this ruling is denied as well.

The Court turns to GSI's alternate request.  GSI asks the Court to order Sukup to certify its trial witnesses ninety days before trial and to provide GSI with a detailed description of the testimony that each witness will give at trial.  GSI further requests that it be allowed to depose the trial witnesses certified by Sukup.  GSI fails to show that such extraordinary relief is necessary.  Federal Rule of Civil Procedure 26(a)(3) requires a party to provide the other parties with "the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises" at least thirty days before trial unless otherwise directed by the court.  Under Local Rule 16.1(E)(4), the parties

---

[1] The Court has previously downgraded the individual listed as number 77 from Confidential – Attorneys' Eyes Only to Confidential.  See August 3rd Order, p. 10.  Footnote 2 on page 12 of Plaintiff's sealed Memorandum (d/e 318) fails to take the Court's prior ruling into account.

must confer and prepare a proposed final pretrial order to present to the Court at the final pretrial conference. Under Local Rule 16.1(F)(6), the pretrial order shall include a list of all witnesses each party intends to call at trial. These safeguards are sufficient to prevent ambush at trial. GSI's alternate request is denied.

THEREFORE, Plaintiff GSI Group, Inc.'s (GSI) Motion for Reconsideration of the Court's Order of August 3, 2007 and Plaintiff's Alternate Motion to Require Defendant to Certify 90 Days Before Trial Which Witnesses Defendant Will Call at Trial and to Permit Plaintiff to Depose Such Newly Disclosed Witnesses (d/e 317) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:    September 26, 2007

       FOR THE COURT:

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE