IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Sukup's Motion for Reconsideration of the Opinion Granting Partial Summary Judgment (d/e 311) (d/e 324) (Motion for Reconsideration).  Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting Keene Corp. v. International Fidelity Ins. Co., 561 F.Supp. 656, 666 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)).  A motion to reconsider, "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous

1

motion." Id., at 1270. The Court has reviewed the Motion for Reconsideration and sees no error of fact or law. The Motion for Reconsideration is, therefore, denied.

Two points raised by the Motion for Reconsideration merit some additional comment. First, Sukup spends considerable effort attempting to show that the Court erred in rejecting its argument that Sukup presented evidence that Plaintiff GSI Group, Inc. (GSI), lost its antitrust immunity as a patent holder because GSI filed this action in bad faith. Motion for Reconsideration, at 7-10; Sukup's Reply to GSI's Opposition to Sukup's Motion for Reconsideration of the Opinion Granting Partial Summary Judgment (d/e 311) (Opinion), at 7-14. A patent holder can lose antitrust immunity if the holder seeks to enforce a patent that it knows to be invalid. Argus Chemical Corp. v. Fibre Glass-Evercoat Co., Inc., 812 F.2d 1381, 1386 (Fed. Cir. 1987). Sukup claims that GSI asserted its infringement claim for the '276 Patent in bad faith because GSI knew that Claims 9 and 15 of the '276 Patent were invalid. As explained in the Opinion, Sukup has alleged infringement of the '276 Patent, not infringement of Claims 9 and 15 of that Patent. Sukup has presented no evidence that the remainder of the '276 Patent is invalid. Opinion, at 21. Sukup, thus, has not presented

2

evidence that GSI is trying to enforce an invalid patent in bad faith.

Even assuming that evidence of the invalidity of two claims within a patent are sufficient to show that an entire patent is invalid, Sukup also must present evidence that GSI knew that the '276 Patent was invalid at the time that it brought this action to enforce a patent. <u>Argus Chemical Corp.</u>, 812 F.2d at 1386. Furthermore, evidence that Sukup notified GSI that Sukup believed the '276 Patent was invalid is not sufficient to prove that GSI knew the claims were invalid. "The allegation by an accused infringer that the patent is invalid–an assertion frequently made by those charged with infringement–cannot be turned into evidence that the patentee knew the patent was invalid when it instituted the infringement suit." <u>Id.</u>

GSI filed this action on January 20, 2005. Sukup has presented no evidence that GSI knew that these claims were invalid at that time. Sukup presented evidence that Sukup subsequently challenged the validity of Claims 9 and 15 in this case, and GSI has now agreed with Sukup and decided to remove those claims from the Patent. The evidence, however, does not show that GSI, "knew the patent was invalid when it instituted

[the] infringement suit." Id.[1]  Reconsideration of this point is, therefore, not appropriate.

The other point worthy of some comment is Sukup's argument that the Court erred in finding no evidence that GSI had the ability to charge supracompetitive prices.  The Court understood Sukup to be arguing that GSI had the ability to engage in predatory pricing because Sukup presented evidence that: (1) GSI lowered prices to respond to competition by Zimmerman and ffi, and then raised prices after acquiring Zimmerman and ffi; and (2) lowered prices again to respond to competition by Sukup.  See Opinion, at 22-23.  Sukup now argues that the Court misapprehended Sukup's argument.  Sukup argues that GSI's ability to charge supracompetitive prices and to price discriminate demonstrate that it has market power.  Motion for Reconsideration, at 18-21.

The Court misapprehended this argument because Sukup presented no evidence that GSI either charged prices above competitive levels or

---

[1] Sukup relies heavily on certain statements by GSI in the briefing of the summary judgment motion that Sukup characterizes as admissions.  E.g., Motion for Reconsideration, at 8-10.  The Court has reviewed the filings and does not find that GSI made the claimed admissions.  In addition, none of the references concern what GSI knew at the time it initiated this action.  Thus, the claimed admissions are not relevant to show bad faith at the time that the suit was filed in January 2005.  Argus Chemical Corp., 812 F.2d at 1386.

engaged in price discrimination. The only evidence Sukup presented regarding GSI's ability to control prices was the Declaration of George Griffin, a former employee of GSI. <u>Sukup's Response in Opposition to GSI's Motion for Summary Judgment Regarding Sukup's Antitrust Counterclaims (d/e 239)</u>, Exhibit 11, <u>Declaration of George Geoffrey Griffin</u>. Griffin states that GSI's main competition in large capacity dryers came from companies called Zimmerman and ffi. Through a series of mergers and acquisitions, GSI eventually acquired both of these companies in 2001. <u>Id.</u> ¶¶ 19-21. Griffin states the following about GSI's pricing in relation to its competition:

> In 1992, GSI's large capacity tower dryers were approximately the same price as the comparable Zimmerman models. Subsequently, GSI cut their prices significantly. Prior to GSI's purchase of ffi and Zimmerman, Zimmerman brand large capacity tower dryers sold for approximately $15,000 to $20,000 more than GSI large capacity tower dryers. Approximately 3 months after the 2001 acquisition, GSI raised its prices to be nearly equal to Zimmerman's prices. For example, GSI's 18 foot tower dryer prices were raised to be within $1,500 of the 18 foot Zimmerman, and GSI's 24 foot tower dryer prices were raised to be within $2,000 of the 24 foot Zimmerman.

<u>Id.</u>, ¶ 23. Griffin further states that, in the face of competition from Sukup, GSI has again lowered its prices. <u>Id.</u> ¶ 24.

5

These statements by Griffin do not show that GSI ever charged a price above a competitive level. In 1992, GSI charged the <u>same</u> price as its competitor Zimmerman. Thereafter, GSI charged <u>less</u> than its competition Zimmerman. Even after GSI acquired Zimmerman, GSI's prices remained slightly <u>below</u> the prices that Zimmerman charged. Once Sukup entered the market, GSI, again, charged <u>less</u> than the competition. None of this evidence shows that GSI ever charged more than the prices charged by its competition. Thus, Griffin's Declaration does not show that GSI ever had the ability to charge prices above a competitive level.

Griffin's Declaration also shows no price discrimination.[2] Price discrimination is the ability to differentiate or discriminate between segments of a market so as to charge different customers different prices for the same product. <u>Federal Ins. Co. v. Stroh Brewing Co.</u>, 127 F.3d 563, 568 (7th Cir. 1997). Griffin never states that GSI was able to differentiate among its customers so as to charge one customer more than others for the same product. Griffin states that, at any given point in time, GSI charged that same price to all of its customers. Those prices changed over time, but

---

[2] Sukup states in the Motion for Reconsideration that GSI admits that it price discriminates. <u>Motion for Reconsideration</u>, at 19. Sukup is incorrect. The citation to the record does not support that assertion.

6

raising or lowering prices to all customers generally is not discriminatory. Sukup presents no evidence that GSI has ever had the ability to segment its market so as to charge some customers more than others for the same product at the same time. There is simply no evidence of price discrimination.

The Court has reviewed the remainder of the Motion for Reconsideration carefully and finds no basis to reconsider the Opinion.

THEREFORE, Sukup's Motion for Reconsideration of the Opinion Granting Partial Summary Judgment (d/e 324) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: November 27, 2007

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE