E-FILED
Monday, 03 March, 2008  04:44:08 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Sukup Manufacturing Co.'s (Sukup or SMC) Motion to Strike Portions of the October 3, 2007 Report of Mark E. Hoffman (d/e 370) (Motion). For the reasons set forth below, the Motion is denied.

Hoffman is Plaintiff GSI Group, Inc.'s (GSI) expert witness on damages. Hoffman issued an expert Report on October 31, 2006, regarding his opinions on damages for GSI's patent infringement claims. Motion, Exhibit B, Preliminary Report of Mark E. Hoffman (2006 Report). The deadline for such reports was October 30, 2006. See Opinion entered March 14, 2007 (d/e 220), at 3-4 (discussing the effect of the untimeliness

of the 2006 Report).  Fact discovery for the patent infringement claims closed on December 17, 2006.  Text Order entered August 3, 2006.  GSI asserts as part of its patent infringement claims that Sukup's grain bin door and latch infringes on GSI's patented grain bin door and latch.  Hoffman opined in the 2006 Report, inter alia, "Both GSI and SMC feature the patented grain bin with the door in sales literature to promote the sale of grain bins."  2006 Report, ¶ 35.  Hoffman also opined that price competition from Sukup caused GSI to lower its prices for grain bins in the range of 6.4 percent to 10.6 percent.  Id., ¶ 42.

On October 3, 2007, Hoffman issued a supplemented report.  Motion, Exhibit A, Supplemented Report of Mark E. Hoffman (2007 Report).  The 2007 Report includes a comparison of the locations of the customers of GSI and Sukup for the products at issue in this case, including grain bins.  Opposition to Defendant's Motion to Strike Portions of October 3, 2007 Report of Mark E. Hoffman (d/e 370) (d/e 379) (Opposition), Exhibit 2, Comparison Maps.  Sukup did not provide the data on the location of its customers to GSI until after fact discovery had closed on December 16, 2006.  Sukup supplied the first of such data on January 9, 2007, and then supplemented the data.  The last supplement was on September 14, 2007.

2

Opposition, Exhibit 5, Declaration of Cynthia Tandler, and documents attached thereto.

In the 2007 Report, Hoffman explained the results of his comparison of the data regarding the location of GSI and Sukup's grain bin customers:

> 35.   My comparison of SMC and GSI grain bin sales data indicates that GSI had dealer coverage in all geographic areas where SMC sold grain bins.  Specifically, GSI made sales to customers in all states in which SMC sold grain bins and within close proximity to SMC's sales locations.
>
> 36.   Based upon SMC's supplemental information regarding the location of SMC's grain bin sales, I have discussed the impact of SMC's competition with certain GSI dealers in the territories where SMC sold the accused grain bins.  These dealers were familiar with SMC and confirmed that SMC sold the accused grain bins in the distribution areas of GSI and that there is competition between SMC and GSI as further described below.

2007 Report, ¶¶ 35-36.  Hoffman then summarized his discussions with GSI dealers Fred Cathcart of Jonesboro, Arkansas; Gary Fowler of Hoxie, Arkansas; Jerry Sollis of Corning, Arkansas; and Butch Keopple of Scott City, Missouri (collectively GSI Dealers).  Id., ¶¶ 37-39.  These GSI Dealers told Hoffman that they lost sales because Sukup lowered prices for grain bins below the GSI's Dealers' costs.  Cathcart and Fowler also told Hoffman that the patented door was an important selling point for GSI, but Sukup

was offering bins with essentially the same door and latch design.  <u>Id.</u>, ¶ 39.[1]

Sukup asks the Court to strike paragraphs 36-39 in the 2007 Report that discuss Hoffman's interviews of the GSI Dealers.  Sukup argues that these paragraphs were not a proper supplement to the 2006 Report because GSI knew the identities of the GSI Dealers, and Hoffman could have talked to them at any time.  Hoffman, therefore, should have included this information in the 2006 Report.  Sukup also argues that these paragraphs raise new theories that were not included in the 2006 report.  Sukup argues that Hoffman did not opine in the 2006 Report on how GSI and Sukup price their products and the effect of that pricing on the sale of grain bins. Sukup also argues that the 2007 Report added new theories that: (1) Sukup uses the grain bin door to compete with GSI, and (2) the grain bin door is a big selling point for GSI.  Sukup complains that it is prejudiced because fact discovery is closed so it cannot discover additional information about the GSI Dealers or the new theories and opinions not previously included in the 2006 Report.

Expert opinions may not be presented at trial if the expert's report was

---

[1]The 2007 Report also contains other supplemental matters to which Sukup does not object.

not disclosed to the other side within the deadline set by the Court, unless the party was justified in missing the deadline or the untimeliness of the disclosure was harmless.  <u>Fed. R. Civ. P.</u> 37(c)(1).  Unless the untimeliness was justified or harmless, the exclusion is automatic.  <u>Finley v. Marathon Oil Co.</u>, 75 F.3d 1225, 1230 (7th Cir. 1996).  A party, however, is required to supplement expert reports with information thereafter acquired if that information rendered the original report incomplete or incorrect in some material respect.  <u>Fed. R. Civ. P.</u> 26(a)(2)(C) & 26(e)(1).

In this case, paragraphs 36-39 of the 2007 Report are proper supplements to the 2006 Report.  Sukup did not provide the information regarding the location of its customers until after fact discovery closed on this part of the case.  This information allowed Hoffman to identify the exact locations where the two companies were in direct competition.  Once Hoffman identified the locations where the two firms were in direct competition, he was in a position to select the particular GSI Dealers for the interviews.  The substance of those interviews, thus, was information acquired after the 2006 Report was issued, and the 2006 Report was materially incomplete without that information.  Paragraphs 36-39, therefore, are proper supplements to the 2006 Report.

Sukup argues that the information from the GSI Dealers also does not supplement the information in the 2006 Report, but presents new theories. The Court disagrees.  Hoffman stated in the 2006 Report that both GSI and Sukup used the grain bin door and latch in sales material and also that GSI lowered prices to meet price competition from Sukup.  2006 Report, ¶¶ 35, 42.   The information from the interviews of the GSI Dealers merely supplemented Hoffman's discussion of these issues.

THEREFORE, Defendant Sukup Manufacturing Co.'s Motion to Strike Portions of the October 3, 2007 Report of Mark E. Hoffman (d/e 370) is DENIED.  Sukup Manufacturing Co. is given until March 28, 2008, to secure a rebuttal opinion from its previously disclosed damages' expert. IT IS THEREFORE SO ORDERED.

ENTER:   March 3, 2008

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE