E-FILED
Tuesday, 01 April, 2008  02:25:10 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

THE GSI GROUP, INC.,                )
                                     )
                    Plaintiff,       )
                                     )
          v.                         )          No. 05-3011
                                     )
SUKUP MANUFACTURING CO.,             )
                                     )
                    Defendant.       )

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This cause comes before the Court on Defendant Sukup Manufacturing Co.'s (Sukup) Combined Motion to Dismiss GSI's Complaint or, in the Alternative, Motion to Compel Production of Documents and Memorandum in Support (d/e 350) (Combined Motion).  Sukup seeks dismissal of Plaintiff GSI Group, Inc.'s (GSI) Complaint (d/e 129) based on GSI's alleged abuse of the discovery process.  In the alternative, Sukup asks the Court to compel the production of all documents that are responsive to Sukup's requests to produce. The motion is fully briefed, and pursuant to Local Rule 72.1, the District Judge has referred the matter to me for Report and Recommendation.  See Text Order, November 15, 2007.  After carefully considering all of the submissions of the parties pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Sukup's Combined Motion be DENIED.  However, Sukup has demonstrated that it is

entitled to an award of its reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A).

## I.  BACKGROUND

Sukup filed the Combined Motion on November 2, 2007, alleging that GSI failed to conduct appropriate document production and retention in the instant litigation.  In support of its position, Sukup relies on deposition testimony from two GSI district sales managers, Roy Truax and Gerald Martin.  Truax was deposed on August 23, 2007.  He testified that he had not searched his e-mail for e-mails relating to a relevant tower dryer sale and, furthermore, that his general practice was to "pitch" price quote documents when he no longer needed them. Combined Motion, Ex. B, p. 80-81, 86.   Martin was deposed on September 17, 2007.  Significantly, Martin testified that he had not done any search for documents relevant to the case.  Combined Motion, Ex. A, p. 76. Sukup seeks dismissal of GSI's Complaint pursuant to Fed. R. Civ. P. 37(c). According to Sukup, GSI's failure to conduct a thorough document search impacts every interrogatory and request to produce served by Sukup.  Sukup expressly directs the Court's attention to its Requests for Production Numbers 4, 7, 10, 22, 28, 53, 56, 61, 64, 65, 71, 88, 89, 90, 98, 99, 101, 109, 113, 114, 119, 124-136, 162, 163, 168, and 182-196.  Combined Motion, p. 16 n.2.  Sukup has provided the Court with its Requests to Produce, which the Court has reviewed. Combined Motion, Ex. H.  The Court notes that the requests for production

identified in note 2 related to tower dryer sales and marketing.  In the alternative,

Sukup asks the Court to compel the production of all documents that are

responsive to Sukup's requests to produce pursuant to Fed. R. Civ. P. 37(a).

GSI opposes the Combined Motion.  GSI asserts that it instituted an

appropriate litigation hold, offering its policies for in camera review.  GSI admits

that, since November 9, 2007, it has produced many additional documents to

Sukup.  According to GSI, many of these documents are not covered by Sukup's

document requests or were retrieved from backup tapes after a burdensome

search.  According to GSI, it has now "gone far out of its way to produce

documents requested by Sukup by asking 30-40 employees to re-search

documents already searched, by going to backup tapes to recover documents,

and by creating computer programs and database queries to mine GSI's data for

Sukup requests."  <u>Supplemental Opposition Brief to Defendant's Motion to

Dismiss or Compel (d/e 396)</u>, p. 4.  GSI has provided the Court with a nearly two-

page list identifying documents that it has produced since November 9, 2007,

which reveals that the recently produced documents bear bates stamps GSI

8601 through GSI 37814.  <u>Id</u>., p. 3-4.  According to GSI, GSI 8601 through

31221, relating to Dr. Qiang Liu, were saved on backup media and not readily

obtainable.  However, the record is clear that at least some of the newly

produced information was accessible and responsive.  GSI recognizes that the

documents numbered GSI 34393 through 36787 are responsive to the expressly

identified requests to produce and were discovered after GSI initiated additional search for documents subsequent to Sukup's filing of the Combined Motion.  Id., Ex. A.  These documents were produced on January 9, 2008.

Recognizing the need to examine the litigation hold and/or document retention steps taken by GSI, the Court directed GSI to tender copies of any and all litigation hold directives for *in camera* review.  See Text Order, February 19, 2008.  In a text order dated February 26, 2008, the Court directed GSI to supplement its *in camera* production to include any and all additional correspondence/directives/ memoranda sent to GSI employees/agents concerning document (paper and electronic) retention policies and e-mail retention policies put into place before or because of the instant litigation.  GSI tendered the responsive information.  The Court conducted its *in camera* review and placed the materials that were reviewed under seal for Court use only.  See Text Order, February 29, 2008; Sealed Document (Court Only) (d/e 497).  With all of this background information in mind, the Court turns to the parties' arguments.

## II.  ANALYSIS

GSI's initial response to the Combined Motion was a Motion to Quash (d/e 359).  GSI sought to quash the Combined Motion as time-barred under the Second Supplemental Scheduling Order (d/e 68) and in violation of the meet and confer requirements of the scheduling order and Fed. R. Civ. P. 37(a).  The

District Judge declined to quash the Combined Motion, characterizing GSI's proffered reasons to quash as a partial response to the Motion to Dismiss and directing the undersigned to consider the arguments in preparing the instant Report and Recommendation.  Text Order, dated November 15, 2007.  Thus, the Court turns its attention to these issues as an initial matter.

GSI asserts that Sukup's motion is time-barred under the applicable scheduling order and, further, that it violates the meet and confer requirements of the scheduling order and Fed. R. Civ. P. 37(a).  The Court disagrees.  The scheduling order provides as follows:

> Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than sixty (60) days following the event . . . that is the subject of the motion.  The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period. Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court. . . .  All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the discovery dispute. If the certification is not included, the motion to compel will be denied.

Second Supplemental Scheduling Order (d/e 68), ¶ 4.  Under Rule 37(a), "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Clearly, Sukup's pending motion is, at its heart, a request for relief under Fed. R. Civ. P. 37(c).  To the extent such a motion can be characterized as a discovery motion, Sukup pursued relief in a diligent and timely manner.  The record reveals that Sukup learned during Martin's deposition on September 17, 2007 that some GSI employees and deponents did not perform any document searches with respect to the instant case.  The pending motion was filed within sixty days, on November 2, 2007.  Thus, GSI's contention that the motion is untimely under the scheduling order is unpersuasive.

GSI's assertion that the motion violates meet and confer requirements is similarly unavailing.  Unlike Rule 37(a), Rule 37(c) does not contain a meet and confer requirement.  Thus, no meet and confer requirement applies to Sukup's request to dismiss, either under rule or the scheduling order which directs compliance with Rule 37(a).  Additionally, the Court believes that Sukup's alternative request for the Court to compel document production complies with Rule 37(a).  The pending motion contains the requisite meet and confer certification, and the record supports a finding that counsel for Sukup attempted to confer with counsel for GSI about the allegedly deficient document production, initiating contact by letter dated September 21, 2007 and by phone on October 25, 2007.  See Combined Motion, p. 19 & Ex. D.  GSI does not deny these attempts, but rather asserts that it has made numerous requests asking Sukup to meet and confer subsequent to the filing of the Combined Motion that Sukup has

ignored.  There is, however, no requirement for negotiation subsequent to a properly filed motion to compel.  Therefore, the Court addresses the Combined Motion on its merits.

A.  Motion to Dismiss

Sukup asks the Court to dismiss GSI's Complaint as a sanction for the discovery violations pursuant to Fed. R. Civ. P. 37(c) or the Court's inherent authority to manage the litigation before it.  The Court turns first to Rule 37(c), which allows the Court to sanction a party who fails to provide information as required by Rule 26(a) or (e).  Appropriate sanctions for Rule 37(c) violations include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Fed. R. Civ. P. 37(c)(1)(c).  One available sanction is an order "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v).  It is clear that dismissal as a Rule 37 sanction should not be used lightly.  In Maynard v. Nygren, the Seventh Circuit held that dismissal is an appropriate sanction for a violation of Rule 37 only when there is "clear and convincing evidence of willfulness, bad faith or fault." Maynard, 332 F.3d 462, 468 (7th Cir. 2003).  In several more recent opinions, however, the Seventh Circuit, relying on Grogan v. Garner, has expressed doubt that "clear and convincing" evidence is required. See Grogan, 498 U.S. 279 (1991) (holding that heightened burdens of proof do not apply in civil cases unless a statute provides or the Constitution requires an elevated burden); see also Ridge Chrysler Jeep, LLC v. DaimlerChrysler

Financial Serv. Americas LLC, 516 F.3d 623 (7th Cir. 2008);  Wade v. Soo Line

R.R. Corp., 500 F.3d 559 (7th Cir. 2007).  It is clear, however, that dismissal

under Rule 37(c) requires at least a showing, by a preponderance of the

evidence, of willfulness, bad faith, or fault.  Ridge Chrysler, 516 F.3d at 625.

        In seeking dismissal, Sukup relies heavily on Wade.  In Wade, the Seventh

Circuit upheld a District Court's dismissal of an action with prejudice as a

sanction for discovery misconduct.  500 F.3d at 564.  The dismissal in Wade was

based on the finding that the plaintiff's legal team deliberately concealed

documents known to favor the defendant.   The defense had subpoenaed the

entire file of Wade's treating physician, and production was made.  At the

doctor's deposition, defense counsel noticed that the physician's file was thicker

than the one that had been produced.  Upon inspection, defense counsel

identified documents that had not been produced.  The missing documents were

purportedly copied by an employee of the doctor; however, the copy presented to

defense counsel did not include two documents which had by this point also

been removed from the doctor's file.  The Court characterized these documents

as "highly probative records," "smoking guns," and "particularly damaging."  Id. at

561.  Defendant subpoenaed the doctor and all of his staff seeking the missing

documents.  Six days later, on January 4, 2005, the doctor's office faxed the

missing documents to plaintiff's counsel.  Plaintiff's counsel, however, did not

produce them to the defense until January 25, 2005, after the defendant had filed

a motion to compel production.  The Seventh Circuit held that this was sufficient evidence of bad faith to support dismissal under Rule 37(c).

In the instant case, there is no clear evidence of willfulness, bad faith, or fault on the part of GSI or its attorneys.  GSI made a good faith effort to retain and search for responsive documents, as evidenced by the documents reviewed by this Court in camera.  <u>Sealed Document (Court Only) (d/e 497)</u>.  When it was discovered that some of GSI's salespeople had not been instructed to search for documents, GSI conducted a thorough search of the salespeople's documents and created programs to search electronic data.  Responsive documents were subsequently produced.  Similarly, when shortcomings with production relating to Dr. Liu's computer were discovered, GSI responded by retrieving from backup data and producing all of the documents and files that were on Dr. Liu's computer at the time he left GSI's employ.  The Court notes that, during the course of the instant litigation, the complaint and counterclaims have been amended on several occasions to add additional claims to the proceeding.  As the Court will address in more detail in subsection B, Sukup fails to identify any shortcomings in GSI's current document production.  Additionally, unlike in <u>Wade</u>, Sukup has failed to establish that the documents that were withheld were particularly prejudicial.  The Court is mindful that, in analyzing Rule 37 sanctions, the Seventh Circuit has cautioned that "[t]he punishment should fit the crime." <u>Wade</u>, 500 F.3d at 564.  Considering all of the circumstances of the instant case,

Sukup fails to identify conduct sufficient to justify the "draconian" sanction of dismissal under Rule 37(c).  See Maynard, 332 F.3d at 467.  Sukup's request for dismissal on this ground should be denied.

Sukup's request for dismissal under the Court's inherent authority is similarly unavailing.  It is well-established that a federal court has the inherent authority to sanction misconduct in litigation before it and that such sanctions can range up to dismissal.  Greviskes v. Universities Research Ass'n, Inc., 417 F.3d 752, 759 (7th Cir. 2005).  The Court's inherent authority to dismiss a case is not without limitations, however.  It "should be used only when there is a record of delay [or] contumacious conduct . . . .  In deciding what measure of sanctions to impose, the district court should consider the egregiousness of the conduct in question in relation to all aspects of the judicial process."  Id. (internal quotations and citations omitted).  The Seventh Circuit has recently reaffirmed that the imposition of sanctions under a court's inherent authority requires proof by clear and convincing evidence of the misconduct.  Ty Inc. v. Softbelly's, Inc., 517 F.3d 494, 498-99 (7th Cir. 2008).  As set forth above, Sukup fails to identify evidence sufficient to support dismissal based on willfulness, bad faith, or fault even under the less stringent preponderance of the evidence standard.  GSI's failure to produce cannot be characterized as egregious under all of the circumstances of the instant case.  Sukup's request for a dismissal pursuant to the Court's inherent authority should be denied as well.

B.  Motion to Compel

In the alternative, Sukup seeks an order compelling production and extending its discovery, based on the assertion that GSI's discovery misconduct is on-going.  <u>Combined Motion</u>, p. 18.  Rule 37(a) allows a party to move for an order compelling discovery when a party fails to respond to a request to produce under Fed. R. Civ. P. 34.  The parties dispute whether all relevant GSI employees have now searched for and produced all responsive documents to Sukup's requests for production.  GSI asserts that they have.  Sukup contends that they have not, relying on the February 13, 2008 deposition testimony of David Morrison.  The Court has reviewed the transcript of Morrison's testimony. <u>See</u> <u>Sukup's Reply to GSI's Opposition to Sukup's Motion to Dismiss or, in the Alternative, Compel Production of Documents (d/e 477)</u>, Ex. B.  Morrison testified that he searched his files for specification sheets prior to 2003 and located an eight or 10 page brochure from 1999.  Morrison testified that, although a specification sheet would have existed from 1995, he had not gone back to try and find it.  <u>Id</u>., p. 12-14.  As an initial matter, the Court notes that Sukup has failed to explain the significance of the 1995 sheet.  Moreover, the fact that Morrison did not search his files for the 1995 specification sheet does not support a conclusion that any other GSI employees have failed to perform relevant document searches.

Considering the record as a whole, the Court finds that Sukup fails to establish any need for the specific relief sought on page 18 of its Combined Motion.  Sukup has not demonstrated that Morrison's omission was material. Sukup fails to identify any specific relevant discovery that remains outstanding. Additionally, Sukup has not presented any evidence that further discovery would be justified based on the recently produced materials.  Therefore, Sukup's alternate motion to compel production of documents should be denied.[1]

Rule 37(a)(5)(A) applies to the instant case, however, because it is clear that relevant discovery was provided <u>after</u> the filing of the Combined Motion. Under Rule 37(a)(5)(A), "If the motion is granted--or if the disclosure or requested discovery is provided <u>after</u> the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added)   As the Court has previously noted, the record reveals that Sukup made a good faith attempt to obtain disclosure without court action prior to filing the Combined Motion.  GSI fails to demonstrate that the nondisclosure was substantially justified, nor does it identify any other

---

[1]GSI asserts that should the Court allow Sukup's request to compel, the Court should order Sukup to perform a search of its e-mail systems and produce all relevant e-mail.  GSI failed to properly raise this issue under Rule 37(a) and the Court should not address the adequacy of Sukup's discovery responses.

circumstances which would make an award of expenses unjust.  Thus, the

exceptions set forth in Rule 37(a)(5)(A)(i) - (iii) do not apply.  GSI should be

ordered to pay Sukup's reasonable expenses incurred as a result of the request

to compel production of documents.

### III. CONCLUSION

For all the above reasons, I recommend that Sukup's Combined Motion to

Dismiss GSI's Complaint or, in the Alternative, Motion to Compel Production of

Documents and Memorandum in Support (d/e 350) be DENIED.  GSI's conduct

does not rise to a level such that dismissal would be an appropriate sanction.

Sukup's alternate request to compel should also be denied because the record

does not establish that the relief sought by Sukup is necessary.  However,

because relevant discovery was provided after the filing of the Combined Motion,

GSI should be ordered to pay Sukup's reasonable expenses incurred as a result

of the request to compel production of documents pursuant to Fed. R. Civ. P.

37(a)(5)(A).

The parties are advised that any objection to this Report and

Recommendation must be filed in writing with the Clerk of the Court within ten

working days after being served with a copy of this Report and

Recommendation.  See 28 U.S.C. § 636(b)(1).   Failure to file a timely objection

will constitute a waiver of objections on appeal.  See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  <u>See</u> Local Rule 72.2.


ENTER:   April 1, 2008

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE