IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE GSI GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-3011 |
| ) | |
| SUKUP MANUFACTURING CO., ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This cause comes before the Court on Defendant Sukup Manufacturing Co.'s (Sukup) Motion to Dismiss Pursuant to Fed. R. Civ. P. 37 and Memorandum in Support (d/e 636) (Motion to Dismiss).  Sukup seeks dismissal of Count II of Plaintiff GSI Group, Inc.'s (GSI) Third Amended Complaint (d/e 129) based on GSI's alleged failure to comply with this Court's Opinion (d/e 65), dated April 5, 2006.  In the alternative, Sukup asks the Court to strike three declarations submitted in support of GSI's Opposition to Sukup's Alternate Motion for Summary Judgment of Invalidity of U.S. Patent No. 5,135,271 (d/e 537) and GSI's Reply in Support of its Motion for Partial Summary Judgment (d/e 579).  The motion is fully briefed, and pursuant to Local Rule 72.1, the District Judge has referred the matter to me for Report and

Recommendation.  See Text Order, May 21, 2008.  After carefully considering all of the submissions of the parties, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Sukup's request for dismissal of Count II be denied.  However, Sukup's alternate request to strike should be allowed, in part, as set forth below.

## I.  BACKGROUND

The instant motion alleges that GSI failed to fully respond to Sukup's Interrogatory No. 10 as required by this Court's Opinion, dated April 5, 2006.  In Interrogatory No. 10, Sukup asked GSI the following:

> Set forth a complete chronology of the inventions claimed in the patents-in-suit from the time of conception to the present describing all facts which occurred in the development and the date on which they occurred including but not limited to the date of conception, reduction to practice, first public use and/or disclosure, offer for sale, and first sale, and identifying all persons involved having knowledge of these events by name and current address.

Opinion, dated April 5, 2006, p. 3-4.  GSI responded in pertinent part as follows:

> With regard to U.S. Patent 5,135,721, the subject matter of such patent was invented, conceived and reduced to practice by Ronald Bestwick in the months immediately preceding the filing date (June 14, 1991) of the '721 patent. The first public use and/or disclosure and/or the first offer for sale of the patented bin door took place on or about February, 1991 when the door was displayed at the National Farm Machinery Show in Louisville KY. The invention of the '271 patent was conceived prior to 1989, as evidenced by drawings of the bin door dates as early as May 24, 1989, C. Production No. GSI 841. Certain drawings of components of the patented bin door are dated at least as early as July 5, 1989 and identified by Production Nos. GSI 1335-1350.

> In addition, in the spring of 1990, GSI contracted with the University of Illinois to conduct structural testing of the bin door, as evidenced by the following documents, GSI 843-846.

Id., p. 4. Sukup filed a Motion to Compel, asking the Court to compel a more complete answer to Interrogatory No. 10, among other interrogatories. As the Court noted, GSI responded essentially that it did not have additional information regarding the chronology. Id., p. 9. The Court recognized that GSI cannot be required to answer a question it does not know. The Court, however, required GSI to provide all responsive information known by its employees and directed GSI to ask employees involved in the development of the inventions at issue "what they personally remember about the chronology of the development of these inventions and amend its answer to this interrogatory to include any additional responsive information provided by these employees." Id., p. 9-10.

GSI served its Third Supplemental Response to Interrogatory Nos. 7 and 10 on April 19, 2006. GSI supplemented its response to Interrogatory No. 10 in pertinent part as follows:

> Mr. Ronald Bestwick, the inventor of the GSI's U.S. Patent 5,135,271 became a GSI employee on May 22, 1989. His first assignment was to design a new door for GSI's grain bins, such that he began to work on the design that became the patented bin door within a matter of days after he joined GSI.
>
> To the best of GSI's knowledge, Mr. Bestwick conceived the design of the bin door described in the '271 patent in late May to mid-June, 1989. Mr. Bestwick developed the design over the course of the next several months, as shown by the above noted drawings identified as GSI 1335-1350. The first prototype of the door was built and

successfully operated in early 1990. In April, 1990, a prototype door was installed in a bin at Vogel Popcorn in Mattoon, IL, and Mr. Bestwick and others from GSI periodically checked on this test door to insure that it operated satisfactorily in its intended operating environment. On June 21, 1990, a pilot run of additional test doors was shipped to Weaver Popcorn. On June 14,1991, U.S. Patent Application No. 715,436 was filed, which issued as U.S. Patent5,135,271 on August 4, 1992.

Motion to Dismiss, Ex. I, p. 6.

A series of correspondence, which the Court has reviewed, followed this supplement. See Motion to Dismiss, Exs. J - R. The Court notes that, in a letter dated June 2, 2006, GSI counsel William Cunningham represented to counsel for Sukup that the supplemental answer to Interrogatory No. 10 included all of the information known to GSI about Vogel Popcorn. Motion to Dismiss, Ex. R. Cunningham further represented that counsel had checked with Bestwick and all other persons at GSI who might have knowledge of the testing at Vogel Popcorn and that only the inventor Ronald Bestwick had such knowledge. Id.

On July 7, 2006, Sukup served a Fed. R. Civ. P. 30(b)(6) deposition notice on GSI which requested that GSI designate a representative knowledgeable in all information related to the bin door installed at Vogel Popcorn, among other things. Motion to Dismiss, Ex. S, p. 10. The Rule 30(b)(6) deposition was held in August 2006, with Bert Shuler appearing as the designated representative. Motion to Dismiss, Ex. U. Shuler testified regarding the Vogel Popcorn door at pages 115 through 118 of the deposition. Id., p. 115-118. Bestwick was also deposed in

August 2006, and testified regarding the Vogel Popcorn testing. Motion to Dismiss, Ex. V, p. 37-39.

The matter progressed to the dispositive motion stage. On March 17, 2008, GSI filed its Opposition to Sukup's Alternate Motion for Summary Judgment of Invalidity of U.S. Patent No. 5,135,271 (d/e 537). On the Vogel Popcorn issue, GSI relied on declarations by Shuler, Bestwick, and Jeff Decker. Opposition to Sukup's Alternate Motion for Summary Judgment of Invalidity of U.S. Patent No. 5,135,271, Exs. 3 (Bestwick Dec.) & 4 (Decker Dec.); Exhibit 2 to d/e 537 (d/e 539) (Shuler Dec.). GSI subsequently filed a Reply in Support of its Motion for Partial Summary Judgment (d/e 579), which also relied on the three declarations. According to Sukup, these three declarations contained new information related to Vogel Popcorn, in violation of this Court's Opinion, dated April 5, 2006. Sukup seeks dismissal based on this alleged violation. In the alternative, Sukup asks the Court to strike the three declarations.

## II. ANALYSIS

Sukup asks the Court to dismiss Count II of GSI's Third Amended Complaint as a sanction for the discovery violations pursuant to Fed. R. Civ. P. 37(c). Rule 37(c) allows the Court to sanction a party who fails to provide information as required by Rule 26(a) or (e). Appropriate sanctions for Rule 37(c) violations include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(c)(1)(C). One available sanction is an order "dismissing the action or

proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).  As the Court has noted in prior orders, dismissal as a Rule 37 sanction should not be used lightly.  In Maynard v. Nygren, the Seventh Circuit held that dismissal is an appropriate sanction for a violation of Rule 37 only when there is "clear and convincing evidence of willfulness, bad faith or fault." Maynard, 332 F.3d 462, 468 (7th Cir. 2003).  In several more recent opinions, however, the Seventh Circuit, relying on Grogan v. Garner, has expressed doubt that "clear and convincing" evidence is required.  See Grogan, 498 U.S. 279 (1991) (holding that heightened burdens of proof do not apply in civil cases unless a statute provides or the Constitution requires an elevated burden); see also Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Serv. Americas LLC, 516 F.3d 623 (7th Cir. 2008); Wade v. Soo Line R.R. Corp., 500 F.3d 559 (7th Cir. 2007).  It is clear that dismissal under Rule 37(c) requires at least a showing, by a preponderance of the evidence, of willfulness, bad faith, or fault.  Ridge Chrysler, 516 F.3d at 625.

Sukup claims that GSI willfully failed to provide the new information contained in the three declarations during discovery in response to Interrogatory No. 10 and this Court's Opinion, dated April 5, 2006.  Under Fed. R. Civ. P. 26(e), a party who has responded to an interrogatory "must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the

other parties during the discovery process or in writing; . . . ." This obligation is on-going. This Court's Opinion, dated April 5, 2006, clearly directed GSI to supplement its answer to Interrogatory No. 10 after inquiring of any employees involved in the development of the '271 patent to include any additional responsive information provided by these employees. GSI understood that this information extended to the Vogel Popcorn testing, in that this issue was expressly addressed in GSI's subsequent supplemental response. Motion to Dismiss, Ex. I, p. 6.

In considering Sukup's arguments, the Court necessarily turns first to an analysis of the information contained in the declarations at issue, beginning with Bestwick's. Clearly, GSI's response to Interrogatory No. 10 identified Bestwick as a person with information relating to the Vogel Popcorn testing. Sukup deposed Bestwick and had the opportunity to question him regarding the Vogel Popcorn issue. The Court has compared the Bestwick Declaration to the portions of Bestwick's deposition testimony that have been provided to the Court. For the most part, the Court finds no inconsistency between the two. It is well-established that when "'deposition testimony is ambiguous or incomplete, . . . the witness may legitimately clarify or expand upon that testimony by way of an affidavit.'" Fischer v. Avanade, Inc., 519 F.3d 393, 406 (7th Cir. 2008) (quoting Shepherd v. Slater Steels Corp., 168 F.3d 998, 1007 (7th Cir. 1999)). The majority of the new information in the Bestwick Declaration is of this nature and, therefore, proper.

Such is not the case, however, when affidavits are offered to contradict an affiant's deposition testimony. In such instances, the Seventh Circuit has characterized the inconsistent affidavit information as "'so lacking in credibility as to be entitled to zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy.'" Id. (quoting Beckel v. Wal-Mart Assocs., Inc., 301 F.3d 621, 623 (7th Cir. 2002). Paragraph 30 of the Bestwick Declaration attempts to contradict Bestwick's deposition testimony. At his deposition, Bestwick testified that, other than the area sales manager, he did not know who the other GSI employees would have been who checked on the test door at Vogel Popcorn. In contrast, Paragraph 30 states as follows:

> While I did not recall this at the time of my deposition, it is now my recollection that on at least one occasion in the spring or summer of 1991, Jeff Decker of GSI accompanied me to Vogel Popcorn to check on the operation and performance of the bin and the test bin door assembly.

Motion to Dismiss, Ex. X, ¶ 30. GSI has submitted a declaration from Bestwick in an attempt to explain the discrepancy. GSI's Opposition to Sukup's Motion to Dismiss Purusant to Fed. R. Civ. P. 37 (d/e 644), Ex. A. Bestwick avers that, following his deposition, he had discussions with Shuler and others concerning the Vogel Popcorn testing and carefully reviewed his deposition. According to Bestwick, these actions prompted his refreshed recollection. Bestwick, however, does not address with any specificity when or how his recollection was refreshed or at what point he informed counsel for GSI of his recollection. There is no

evidence in the record that GSI at any time supplemented its response to Interrogatory No. 10 to include Jeff Decker as a person with knowledge of the Vogel Popcorn testing.

The Court, however, does not believe that this discrepancy rises to a level such that dismissal of Count II would be appropriate. Sukup has failed to establish willful withholding of this information on the part of GSI. Nor is there any evidence that this information is particularly prejudicial. Bestwick avers that Decker accompanied him to Vogel Popcorn on at least one occasion in the spring or summer of 1991 to check and test the bin door. This was after the critical date for the '271 patent, which was in June 1990, prior to Decker's employment with GSI. Moreover, because Decker visited the site with Bestwick, any information that Decker would have had regarding the testing would have also been known to Bestwick. The Court is mindful that, in analyzing Rule 37 sanctions, the Seventh Circuit has cautioned that "[t]he punishment should fit the crime." Wade, 500 F.3d at 564. Considering all of the circumstances of the instant case, Sukup fails to identify conduct relating to the Bestwick Declaration that is sufficient to justify the "draconian" sanction of dismissal under Rule 37(c). See Maynard, 332 F.3d at 467. Moreover, Bestwick was identified in response to Interrogatory No. 10, thus, this is not a situation in which GSI should be precluded from using his information based on a failure to supplement under Fed. R. Civ. P. 37(c)(1). However, because GSI fails to identify a plausible explanation for Bestwick's refreshed

recollection, it must be considered so lacking in credibility as to be entitled to zero weight at summary judgment. Thus, Sukup's alternate request to strike should be allowed as it relates to paragraph 30 of the Bestwick Declaration. It should be denied in all other respects.

The Court turns next to the Decker Declaration. In relevant part, Decker avers as follows: (1) in May 1991, he was informed that a prototype door had been installed for testing at Vogel Popcorn; (2) on one occasion, he accompanied Bestwick to Vogel Popcorn to check on the door; and (3) he reported back to Shuler that the door was operating satisfactorily. <u>Motion to Dismiss</u>, Ex. Y, ¶¶ 4-7. This information was not provided to Sukup during discovery. GSI has submitted a declaration from Decker in opposition to the Motion to Dismiss in an attempt to explain the circumstances behind the Decker Declaration. <u>GSI's Opposition to Sukup's Motion to Dismiss Pursuant to Fed. R. Civ. P. 37</u>, Ex. C. Decker avers that the information in the Decker Declaration that relates to Vogel Popcorn resulted from his refreshed recollection following March 2008 discussions with Shuler. <u>Id</u>., ¶¶ 5, 9.

Sukup has again failed to establish willful withholding of information by GSI. Additionally, the Decker information is not particularly relevant. Given this, the Court believes that Sukup has failed to identify conduct relating to the Decker Declaration that is sufficient to justify dismissal of Count II under Rule 37(c). However, while GSI's conduct does not rise to the level such that dismissal is

warranted, the Court recognizes that when a party fails to provide information as required by Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also Fed. R. Civ. P. 37(b)(2)(A)(ii) (stating that the Court may prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."). Interrogatory No. 10 expressly asked GSI to identify all persons with knowledge of the chronology of the inventions at issue in the instant case. In the Opinion, dated April 5, 2006, this Court directed GSI to supplement its answer to Interrogatory No. 10 after making inquiry of employees involved in the development of the '271 patent, including those with knowledge of first public use or disclosure. GSI identified only Bestwick. GSI never supplemented its response to Interrogatory No. 10 to include Decker. This failure is not substantially justified. It is clear from the record that Decker was involved in searching for documents relating to the Vogel Popcorn door as early as May 17, 2006. Motion to Dismiss, Ex. L. Decker avers that his recollection regarding the Vogel Popcorn events was refreshed shortly before March 14, 2008; however, GSI's failure to conduct a thorough examination of its employees including Decker pursuant to this Court's Opinion, dated April 5, 2006 is unexplained. See GSI's Opposition to Sukup's Motion to Dismiss Pursuant to Fed. R. Civ. P. 37, Ex. C, ¶ 2. Nor can the failure to supplement be deemed harmless. The fact that GSI

has elected to offer the Decker information demonstrates that it has some value. Under the circumstances of the instant case, the Court believes that an appropriate sanction for GSI's violation is to strike paragraphs 4 through 7 of the Decker Declaration.

Finally, the Court directs its attention to the Shuler Declaration. Shuler was identified as GSI's Rule 30(b)(6) representative on the Vogel Popcorn issue; however, Shuler was not identified as a person having knowledge of the chronology of the '271 patent in response to Interrogatory No. 10. The Court does not believe that this failure is grounds for dismissal under Rule 37(c). There has been no showing that the omission was willful and Sukup did have the opportunity to depose Shuler and to question him regarding the Vogel Popcorn issue, reducing any prejudice that may have arisen from the failure to supplement. Under these circumstances, the Court does not believe that Shuler should be barred under Rule 37(c)(1) from offering information relating to the Vogel Popcorn testing. The Court has compared the Shuler Declaration to the portions of Shuler's Rule 30(b)(6) deposition testimony that have been provided to the Court. Again, much of the information contained in the Shuler Declaration is not inconsistent with the deposition testimony, but rather clarifies or expands upon the testimony. This information may properly be considered. See Fischer, 519 F.3d at 406. Discrepancies do exist, however, between Shuler's deposition testimony and paragraphs 19 and 22 of the Shuler Declaration. Shuler testified

that he did not know if Vogel Popcorn paid for the door and that he did not know who other than Bestwick checked on the door. In contrast, Shuler, in his declaration, avers "it is [his] recollection that Vogel Popcorn was not charged any money for the test door" and that he "asked that Mr. Decker inspect on the new bin door installed at Vogel Popcorn and to report to me the results of his inspection. Mr. Decker orally reported to [Shuler] that the new bin door continued to operate well." Motion to Dismiss, Ex. W, ¶¶ 19, 22.

GSI has submitted a declaration from Shuler in opposition to the Motion to Dismiss in an attempt to explain the circumstances behind the Shuler Declaration. GSI's Opposition to Sukup's Motion to Dismiss Purusant to Fed. R. Civ. P. 37, Ex. B. According to Shuler, he had conversations following his deposition with Bestwick and Decker that refreshed his recollection on the issue, although he fails to describe the circumstances with any specificity. Again, there is no explanation as to why GSI failed to thoroughly investigate Shuler's knowledge of the chronology of the '271 patent in response to this Court's Opinion, dated April 5, 2006, which is especially troubling given Shuler's intricate involvement in the instant litigation. Based on the record evidence, GSI fails to identify a plausible explanation for the discrepancies, thus, the assertions in paragraphs 19 and 22 of the Shuler Declaration must be considered so lacking in credibility as to be entitled to zero weight at summary judgment. Sukup's request to strike the Shuler

Declaration should be allowed in part; paragraphs 19 and 22 of the Shuler Declaration should be stricken.

### III. CONCLUSION

For all the above reasons, I recommend that Defendant Sukup Manufacturing Co.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 37 and Memorandum in Support (d/e 636) be ALLOWED, in part, and DENIED, in part. Sukup has failed to establish that GSI's conduct rises to a level such that dismissal would be an appropriate sanction. Sukup's alternate request to strike the Bestwick, Decker, and Shuler Declarations should be allowed, in part. The Court should strike paragraph 30 of the Bestwick Declaration, paragraphs 4 through 7 of the Decker Declaration, and paragraphs 19 and 22 of the Shuler Declaration. The Motion should be denied in all other respects.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: August 12, 2008

                                        *s/ Byron G. Cudmore*
                                  _____
                                      BYRON G. CUDMORE
                                 UNITED STATES MAGISTRATE JUDGE