IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff GSI Group, Inc.'s (GSI) Motion to Strike or Exclude Sukup's Untimely Second Supplemental Report of Jerry Lee Hall dated July 28, 2008 (d/e 662) (Motion).  For the reasons set forth below, the Motion is ALLOWED.

In July 2008, Defendant Sukup Manufacturing Company (Sukup) disclosed the Second Supplemental Report of Dr. Jerry Hall.  Motion, Exhibit 3, Second Supplemental Report of Dr. Jerry Hall dated July 28, 2008 (Second Supplemental Report).  Sukup's expert Hall set forth five supplemental opinions in the Second Supplemental Report, lettered Additional Opinions A, B, C, D, and E.  Opinion A states:

1

> A. Based on the recent Supreme Court decision of *KSR Intern. Co. v. Teleflex, Inc.*, claims 1, 9, and 14 of the '271 Patent are invalid as being obvious.

Second Supplemental Report, at 2. The question of whether a patent is invalid for obviousness is a question of law. 35 U.S.C. § 103; DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co., 464 F.3d 1356, 1360 (Fed.Cir. 2006); Alza Corp. v. Mylan Laboratories, Inc., 464 F.3d 1286, 1289 (Fed.Cir. 2006). Hall's opinion on the ultimate question of law is irrelevant and improper. The opinion shall not be admitted at trial.

Opinion B states:

> B. Based on the testimony of Harmon Towne, the '271 Patent is invalid as indefinite and as failing to meet the written description requirement.

Second Supplemental Report, at 2. This Court has already determined that U.S. Patent 5,135,271 ('271 Patent) meets these requirements of the law. Opinion entered September 11, 2008 (d/e 667), at 34-37. This opinion shall not be admitted at trial.

Opinions C, D, and E state:

> C. Based on the disclaimer by GSI of claims 9 and 15 of the '276 Patent and GSI's admission as to the invalidity of these claims, the asserted claims of the '367 Patent are also invalid.

2

      D.    Based on the disclaimer by GSI of claims 9 and 15 of the '276 Patent and GSI's admission as to the invalidity of these claims, the remaining asserted claims of the '276 Patent are also invalid.

      E.    Based on the preliminary amendment filed by GSI with its application for reissue of the '276 Patent, Rotor C does not infringe Claim 11 of any reissue patent that may issue from the '276 Patent.

<u>Second Supplemental Report</u>, at 2.

These opinions all relate to validity of U.S. Patents 6,076,276 ('276 Patent) and 6,073,367 ('367 Patent). The Court has already determined that these two Patents are not valid. <u>Opinion entered September 25, 2008 (d/e 678)</u>, at 9-10. Because the Court has already resolved the validity of these Patents, these opinions shall not be admitted at trial.

THEREFORE, Plaintiff GSI Group, Inc.'s Motion to Strike or Exclude Sukup's Untimely Second Supplemental Report of Jerry Lee Hall dated July 28, 2008 (d/e 662) is ALLOWED. The opinions set forth in the Second Supplemental Report shall not be admitted at trial.

IT IS THEREFORE SO ORDERED.

ENTER: November 4, 2008

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE