E-FILED
Tuesday, 18 November, 2008  03:29:46 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motions in Limine filed by the parties.  Plaintiff GSI Group, Inc. (GSI), has alleged that Defendant Sukup Manufacturing Co. (Sukup) infringed on the following patents held by GSI: U.S. Patent 5,135,271 (271 Patent) covering a latching device with an improved pin design for grain bin doors; U.S. Patent 5,400,525 (525 Patent) covering a flame cone in a grain bin heater; and U.S. Patent No. 6,076,276 (276 Patent), U.S. Patent No. 6,073,367 (367 Patent), U.S. Patent No. 6,073,364 (364 Patent), and U.S. Patent No. 6,233,843 (843 Patent) (collectively the Tower Dryer Patents) covering various aspects of a sweep grain unloading device (Sweep Unloader) used in GSI's tower grain

1

dryers.  GSI also claims that Sukup's infringement was willful and requests enhanced damages.

Sukup's Second Counterclaim alleges tortious interference with business relationships, Sukup's Fourth and Fifth Counterclaims allege unfair competition in violation of the Lanham Act.  15 U.S.C. § 1051 et seq. Defendant Sukup Manufacturing Co.'s First Amended Answer, Affirmative Defenses and Counterclaims and Demand for Jury Trial in Response to Plaintiff's Third Amended Complaint (d/e 161).  Sukup seeks punitive damages on these Counterclaims.  This matter is set for trial on January 6, 2009.

The parties have filed numerous Motions in Limine.  The Court has carefully considered the Motions and the Responses and rules on the Motions as follows.

I.    GSI's MOTIONS IN LIMINE

1.    GSI's Motion in Limine to Preclude Sukup from Referring to GSI or the Inventors of the Patents-In-Suit Negatively Because They Sought Legal Protection for Their Inventions or Referring Negatively to GSI's Corporate Ownership in any Manner (d/e 687)

The Motion is ALLOWED in part.  GSI asks the Court to bar

evidence of the wealth of the owners of GSI. The Court allows this portion of the Motion. The wealth of GSI's stockholders is not relevant. Sukup states that it wants to present evidence of this wealth to establish its claim for punitive damages. The wealth and value of GSI may be relevant to a punitive damages claim, but not the wealth of GSI's stockholders. This portion of the Motion is allowed.

The remainder of the Motion is denied. The Motion asks to bar evidence of the identity and location of the owners of GSI. Sukup correctly notes that the identities of GSI's owners is relevant to determining bias during jury selection. Based on the summary judgment motions, Sukup intends to present evidence that GSI's CEO Richard Christman participated in composing the press release that is part of the basis of the Sukup's Fourth Counterclaim. See Defendant Sukup Manufacturing Company's Amended Response in Opposition to GSI's Partial Motion for Summary Judgment on Sukup's Second Counterclaim for Tortious Interference (d/e 428) (d/e 555), at 37-38. Christman's background and relationship to GSI and its owners would be relevant and admissible. At this time, therefore, the Court will not bar evidence of the identity and location of the owners of GSI.

The Motion asks the Court to preclude Sukup from using negative

references.  This request is denied as vague.  Sukup's counsel is obligated to limit its statements and arguments to matters that can be supported by the evidence and fair inference therefrom, and further limited by their general ethical duties and their obligations as officers of the Court.  GSI's counsel, of course, may object if they believe that Sukup's counsel is going beyond these limits.

The only specific "negative" term to which GSI objects is a reference to a patent holder as having a "monopoly" as a result of the patent.  The Court does not believe that the term is pejorative and will not bar the term.  The case cited by GSI to support this proposition related to an improper jury instruction, not argument.  Jamesbury Corp. v. Litton Indus. Products, Inc., 756 F.2d 1556, 1558-59 (Fed.Cir. 1985) overruled on other grounds by A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020 (Fed.Cir. 1992).  Defendant Sukup notes that GSI's expert Mark Hoffman uses the term "monopoly" to refer to GSI's rights under its patents.  The Motion, therefore, will not bar the use of the term "monopoly" to describe the interest of a patent holder in its patent.

2.    GSI's Motion In Limine to Preclude Sukup from Denigrating the Patent Office or its Examiners (d/e 689)

The Motion is DENIED.  The Motion is again vague.  Sukup's counsel is obligated to limit its statements and arguments to matters that can be supported by the evidence and fair inference therefrom, and further limited in the terms that they may use by their general ethical duties and their obligations as officers of the court.  GSI's counsel, of course, may object if they believe Sukup's counsel is going beyond these limits.  The Motion, however, is denied.

3 & 4.    <u>GSI's Motion in Limine to Prohibit Sukup from Presenting or Arguing any Evidence or Testimony at Trial Concerning Alleged Inequitable Conduct as to GSI's Tower Dryer Patents (d/e 691) and GSI's Motion in Limine to Prohibit Sukup from Presenting or Arguing any Evidence or Testimony at Trial Concerning Alleged Inequitable Conduct as to GSI's Bin Patent (d/e 693)</u>

The Motions are ALLOWED in part.  The Court already entered partial summary judgment on Sukup's inequitable conduct defense.  <u>Opinion entered September 11, 2008 (d/e 667) (Opinion 667)</u>, at 47.  Sukup is, thus, barred from making any arguments or statements to the jury that GSI, or its predecessor, engaged in inequitable conduct in securing these patents, or that GSI or its predecessors intended to mislead the Patent

and Trademark Office (PTO), or otherwise acted fraudulently, during the patent application.

GSI, however, has put Sukup's intent to infringe at issue by asserting a claim for enhanced damages due to willfulness.  Sukup's alleged willfulness may depend on its belief regarding the validity of GSI's patents.  Thus, evidence regarding the patent application process may be relevant to Sukup's belief on the validity of the patent.  Evidence that certain prior art was not presented to the PTO may be relevant to show Sukup's belief regarding the validity of GSI's patents.  When used for that purpose, such evidence may be relevant.

Sukup, however, may not present to the jury any argument or evidence that Sukup believed that GSI's patents were invalid because GSI or its predecessors engaged in fraudulent or inequitable conduct in the patent application process without first making a proffer outside the presence of the jury.  The Court will then be in a better position to weigh the probative value of the particular evidence against the potential prejudice that could be caused by the interjection of such terms into the trial.

5.   <u>GSI's Motion in Limine to Exclude All Argument, Evidence and Testimony Inconsistent with the Court's Claim Construction Opinion and</u>

Order (d/e 99) (d/e 695) (Motion 695)

The Motion is DENIED because GSI does not identify the evidence it wants to bar in advance of trial.  Claim construction is a matter of law. The Court construed the claims after the Markman hearing.  Opinion entered September 27, 2006 (d/e 99) (Opinion 99).  The Court further construed certain claims in its summary judgment opinions.  Opinion 667, at 35-36; Opinion entered October 8, 2008 (d/e 682) (Opinion 682), at 13-17.  The Court's construction of these claims is the law of the case.  The parties may not present evidence of, or argue for, a construction of a claim that is inconsistent with the Court's construction.  Some matters, however, may be subject to some differences of opinion by the experts.  For example, the parties' experts disagree on what the term "off the pins" means with reference to the Court's construction of various claims in the grain bin door patent.  See Opinion 667, at 49.  In such cases, the parties may object at trial and the Court will determine whether the evidence is admissible as a fair difference of opinion in the application of the Court's construction of the claim, or inadmissible as an improper introduction of an improper construction of the claim.  A flat bar in limine, however, is improper.

6.      GSI's Motion in Limine to Exclude GSI's Income Tax Returns (d/e 696)

The Motion is ALLOWED in part.  GSI's income tax returns may be relevant to Sukup's request for punitive damages, but the evidence is otherwise irrelevant and inadmissible.  Sukup, therefore, may not present GSI's tax returns during the liability phase of the trial.  During the damages phase, Sukup may not admit GSI's tax returns until the Court finds that Sukup has presented evidence sufficient to support a claim for punitive damages.  When Sukup believes that it has made a sufficient showing, it may ask the Court outside the presence of the jury for a determination of whether it has made a sufficient showing to allow the admission of GSI's tax returns.

7.      GSI's Motion in Limine to Exclude GSI Attorney William Cunningham as a Trial Witness (d/e 698)

The Motion is ALLOWED in part.  Sukup may not call attorney Cunningham as a witness or seek to admit part of his deposition testimony without first making a showing outside the presence of the jury that, under the circumstances, attorney Cunningham should be required to testify.  The Court will need to evaluate the specific evidence Sukup seeks to admit

through attorney Cunningham, any alternatives for admitting this evidence, and the potential prejudice to GSI from requiring attorney Cunningham to take the stand.

8.    <u>Plaintiff's Motion in Limine to Exclude any Evidence and Testimony Related to Prior Settlement Negotiations and Offers to Compromise (d/e 703)</u>

The Motion is ALLOWED in part.  Communications regarding settlement negotiations are not admissible and are barred except for settlement communications related to the Tower Dryer Patents from January 2005, to the end of September 2005.  These settlement communications are relevant to Sukup's Second and Fourth Counterclaims. See <u>Opinion October 15, 2008 (d/e 743) (Opinion 743)</u>, at 9-16.

GSI and Sukup are directed to confer and agree on any appropriate redactions to eliminate reference to settlement discussions, related to other patents, from evidence that either intends to present concerning settlement negotiations of the Tower Dryer Patents between January 2005, and the end of September 2005.

9.    <u>GSI's Motion in Limine to Exclude all Evidence of All Tower Dryers other than "Zimmerman" Brand with Regard to Sukup's Fifth</u>

Counterclaim (d/e 711) (Motion 711)

The Motion is ALLOWED.  Sukup alleged in its Fifth Counterclaim that GSI began distributing brochures that falsely represented the blower, heater, and drying capacities of its tower dryer products as shown in Exhibit 11 of its Third Amended Complaint.  Defendant Sukup Manufacturing Company's First Amended Answer, Affirmative Defenses and Counterclaims and Demand for Jury Trial in Response to Plaintiff's Third Amended Complaint (d/e 161) (Sukup Answer), Fifth Counterclaim, ¶ 43.  Exhibit 11 is a Zimmerman brand tower dryer brochure distributed by GSI.

GSI argues that Sukup's Fifth Counterclaim should be limited to Zimmerman brochures and asks the Court to exclude evidence of other tower dryers that GSI markets under other brand names.  The Court agrees. The Fifth Counterclaim alleges unfair competition in violation of the Lanham Act.  15 U.S.C. § 1125.  The Court agrees with the persuasive authority presented that this claim requires proof that GSI committed deceptive acts, and as such, Sukup should allege that deception with particularity.  Fed. R. Civ. P. 9(b); see Rosenberg v. Cottrell, Inc., 2007 WL 2028789, at *1 (S.D.Ill., 2007).  Sukup only alleged with particularity the claimed misrepresentations in the Zimmerman brochure.  Evidence of

advertising of other products, thus, is not relevant and could be confusing to the jury.

Sukup argues that it should be allowed to proceed on additional deceptive misrepresentations that it learned in discovery.  Sukup may proceed on additional misrepresentations learned in discovery if Sukup provided sufficient notice of these additional misrepresentations to GSI to allow GSI to prepare for those claims at trial.  See Opinion entered October 28, 2008 (d/e 745) (Opinion 745), at 17-19.  In this case, Sukup argues that it gave adequate notice in its answers to interrogatories and in the supplemental reports of its expert witness Wayne Newkirk, Ph.D.  The Court disagrees.  Sukup's supplemental answer to an interrogatory says, "GSI also sold ffi and GSI tower dryers with smaller burners and blowers, while claiming identical drying flow rates which were inflated."  Defendant Sukup Manufacturing Co.'s Response in Opposition to GSI's Motion in Limine and Memorandum in Support to Exclude All Evidence of Tower Dryers Other than "Zimmerman" (d/e 711 and 712) (d/e 788) (Sukup Opposition 788), Exhibit C, Defendant Sukup Manufacturing Co.'s Supplemental Answers to GSI's Interrogatory Nos. 8, 10, 11, 13, 14, 15, 16, 17, 26, and 27 (Sukup Supplemental Answers to Interrogatories), at 20.

This disclosure is not sufficient because Sukup did not identify the specific additional representations that were claimed to be false or deceptive.  The purpose of Rule 9 is to provide notice of the specific allegations of false statements.  <u>See</u> <u>Opinion 745</u>, at 18, and cases cited therein.  Sukup's supplemental answer quoted above lacked such specificity and so did not give sufficient notice.

Sukup also claims that Appendix II of Newkirk's Amended Report gave notice to GSI of the claimed misrepresentations.  <u>Sukup Opposition 788</u>, Exhibit B, <u>EFC's Amended Rebuttal to a Report of Mark Hoffman issued 10/1/07 Entitled Unfair Competition: Lanham Act 15 U.S.C. § 1117, by Wayne Newkirk, Ph.D., dated April 24, 2008 (April 24 Report)</u>.  The Court again disagrees.  Newkirk did not identify any misrepresentations in the April 24 Report, or in Appendix II to that Report.  Newkirk's Appendix II only lists sales data, not misrepresentations.  Further, Newkirk states in the body of the April 24 Report that Sukup's damages claim in the Fifth Counterclaim is limited to GSI's profits on the sale of Zimmerman dryers: "The measure of Sukup's damages as referenced at p. 2 of this report is GSI's profits on the sale of Zimmerman dryers subject to the principles of equity."  <u>April 24 Report</u>, at 16.  Thus, Newkirk's April 24 Report notified

GSI that the Fifth Counterclaim was limited to Zimmerman dryers.

Given the inadequacy of the disclosures in Sukup's Supplemental Answers to Interrogatories, and Newkirk's statement in the April 24 Report, Sukup did not give adequate notice of an expansion of the scope of the Fifth Counterclaim.  The Fifth Counterclaim is limited to a claim based on GSI's advertising of the Zimmerman tower grain dryers.  Evidence about other GSI grain dryers is barred.

10.  <u>GSI's Motion in Limine to Exclude Questions, Instructions, Objections and Refusal to Answer Re Deposition of William Cunningham (d/e 716)</u>

The Motion is DENIED as moot since attorney Cunningham currently will not be called to testify.  Should the Court determine that attorney Cunningham be required to testify, GSI may renew this Motion and have the issue resolved outside the presence of the jury before attorney Cunningham takes the stand.

II.  <u>SUKUP'S MOTIONS</u>

1.  <u>Unopposed Motions</u>

GSI has no opposition to Sukup's Motions in Limine Nos. 17(b), 18, and 21(b) (d/e 733, 734, and 738).  Those Motions are allowed.  The Court

13

gives Sukup the relief requested in these Motions.

2. <u>Motion *in Limine* of Sukup Manufacturing Company Number 1 to Exclude Testimony of Edward Renner and Accompanying Memorandum of Law (d/e 705) (Motion 705)</u>

The Motion is ALLOWED in part.  GSI's expert Edward Renner is barred from opining that Sukup's products infringe on any of GSI's patents-in-suit.  Renner is a patent attorney with a background in chemical engineering.  He is not qualified to render opinions on whether any of Sukup's accused products infringe on any of the patents-in-suit.

Renner, further, may not opine that Sukup failed to meet a duty of care by not securing opinions of counsel before producing the accused products.  The Federal Circuit has expressly overturned the line of cases that imposed such a duty of care.  <u>In re Seagate Technology, LLC</u>, 497 F.3d 1360, 1371 (Fed.Cir. 2007).

Renner, however, may opine as to the timing and the competency of the opinions of counsel on which Sukup relied as part of its defense to GSI's willfulness claim.  Sukup has indicated that it intends to raise the advice of counsel defense to GSI's willfulness claim. Since Sukup intends to rely on those opinions as part of its defense, GSI is entitled to present evidence

regarding the circumstances of the production of those opinions and the quality of those opinions.  Renner is a patent attorney and is competent to provide those opinions.

GSI, further, indicates that Renner may testify concerning the practices and procedures followed by the PTO in examining applications and various aspects of patent law.  Sukup's Motion does not address these matters.  The Court, therefore, will not bar Renner's testimony regarding these background matters at this time.  Sukup may renew its motion at trial should it believe that Renner is rendering improper opinions.

3. Motion *in Limine* of Sukup Manufacturing Company Number 2 to Exclude Certain Evidence Regarding Allegations of Patent Infringement on U.S. Patent 5,135,271 and Accompanying Memorandum of Law (d/e 724) (Motion 724)

The Motion is ALLOWED in part.  GSI is barred from presenting the evidence identified in § V of the Motion.  Motion 724, at 5, § V.  GSI has no objection to this portion of the Motion.  GSI's Opposition to Motion in Limine Number 2 of Sukup Manufacturing Company to Exclude Certain Evidence Regarding GSI's Allegations of Patent Infringement on U.S. Patent No. 5,135,271 (d/e 724) (d/e 760), at 11.  The Motion is otherwise denied.

Sukup objects to Towne opining on whether the pins in Sukup's accused door have a snug fit.  Sukup is correct that the definition of "snug fit" is a matter of law.  The Court defined that term.  <u>Opinion 667</u>, at 35-36.  GSI's expert Towne is competent to present opinions on whether the GSI bin door and the Sukup bin door meet this definition.  Sukup can point out the limitations of his opinions through cross examination and through the direct testimony of its own experts.

The Court denies the remainder of the Motion because the Court cannot determine the relevance or admissibility of the evidence at this time.  Should GSI attempt to admit the evidence at trial, Sukup may renew its objections.

4.  <u>Motion *in Limine* of Sukup Manufacturing Company Number 3 to Exclude Certain Evidence Pertaining to Scope of Claims, Doctrine of Equivalents and Claims not Alleged and Accompanying Memorandum of Law (d/e 707) (Motion 707)</u>

The Motion is DENIED.  The request is overbroad.  As discussed above with respect to Motion 695, the parties may not present evidence of or argument regarding the meaning of a patent claim that has been construed by the Court.  Sukup may object at trial if GSI seeks to introduce

such evidence or argument.

Sukup also seems to argue that GSI's evidence on infringement under the doctrine of equivalents should be limited to GSI's answers to two interrogatories.  However, GSI's answer to Sukup's interrogatories, attached as an exhibit to this Motion, states in bold italic print that GSI relies also on its experts' opinions:

> *All of Sukup 's products which are alleged to infringe the patents in suit are set out in the expert reports of Mark Hoffman, Harmon Towne, David Morrison, Burl Shuler, and Randy Sheley, all of which have been previously served on Sukup.*

Motion 707, Exhibit A, GSI's Second Supplemental Responses to Sukup Manufacturing Co.'s Second Set of Interrogatory Nos. 11-13 to the GSI Group, Inc., at 3.  Thus, GSI's evidence is not limited solely to the statements in its answers to the two interrogatories.

5.    Motion *in Limine* of Sukup Manufacturing Company Number 4 to Exclude Certain Evidence Regarding GSI's Allegations of Patent Infringement on Patents Related to Unload Assemblies and Accompanying Memorandum of Law (d/e 708)

The Motion is DENIED.  Sukup seeks to bar evidence of its infringement of the Tower Dryer Patents before this action was filed.  The

Court has already found that this evidence is relevant to the issue of willfulness.  Opinion October 9, 2008 (d/e 683) (Opinion 683), at 13.  The evidence may also be relevant to whether GSI should be entitled to injunctive relief due to the past infringement of the 364 Patent and the 843 Patent.  See Opinion entered September 25, 2008 (d/e 678) (Opinion 678), at 17.  If Sukup wishes a limiting instruction with respect to this issue, the Court will consider it.

6.    Motion *in Limine* of Sukup Manufacturing Company Number 5 to Exclude Sukup's Sales Brochure and Accompanying Memorandum of Law (d/e 709)

The Motion is DENIED.  Sukup asks the Court to bar the introduction of a 2003 brochure for Sukup's heaters that may infringe on GSI's Burner Cone Patent, U.S. Patent 5,400,525.  See Opinion 682, at 20.  This evidence may be relevant to GSI's willfulness claim and to its request for injunctive relief.  See Opinion 683, at 13; Opinion 678, at 17.  The evidence will not be barred.

7.    Motion *in Limine* of Sukup Manufacturing Company Number 6 to Exclude Evidence Regarding Certain Sukup Activities Prior to January 19, 2005 and Accompanying Memorandum of Law (d/e 710)

The Motion is DENIED.  Evidence of Sukup's activities prior to January 19, 2005, may be relevant to prove GSI's willfulness claim, and may be relevant to GSI's request for injunctive relief.  See Opinion 683, at 13; Opinion 678, at 17.  The evidence will not be barred.

8.     Motion *in Limine* of Sukup Manufacturing Company Number 7 to Preclude Certain Testimony of Harmon Towne, David Morrison, and Mike Stricker under *Daubert* and Federal Rule of Evidence 702 and Accompanying Memorandum of Law (d/e 720)

The Motion is ALLOWED in part.  GSI witness David Morrison is barred from presenting expert testimony with respect to Counts IV, VI, and VII of GSI's Third Amended Complaint.  Third Amended Complaint (d/e 129), Counts IV, VI, and VII (Unfair Competition Counts).[1]  The Motion is otherwise denied.

The resolution of this Motion turns on the split nature of this case. The matter started as a patent infringement case, but now includes claims and counterclaims for unfair competition and tortious interference.  The non-patent law claims were added later.  GSI requested, and the Court

---

[1]The Court granted Sukup partial summary judgment on Count V.  Opinion 745, at 20-22.

allowed, a second round of expert disclosures with respect to GSI's Unfair Competition Counts.  See Text Order entered August 14, 2007, and Text Order entered August 28, 2007.

GSI disclosed Towne as one of its experts for the Unfair Competition Counts, and Sukup disclosed Stricker as one of its experts on those Counts. Both are qualified, both have expressed opinions within their competency, and the opinions are properly based on their experience in the field. Sukup's Motion to bar their opinions is denied.

GSI originally disclosed David Morrison as an expert in connection with its original patent infringement claims, but did not disclose him as an expert for the Unfair Competition Counts.  Sukup asks to bar him from rendering expert opinions with respect to the Unfair Competition Counts. GSI was obligated by this Court's Text Orders of August 14, 2007, and August 28, 2007, to disclose its experts for the Unfair Competition Counts. GSI requested this separate formal disclosure.  GSI did not disclose Morrison as an expert for the Unfair Competition Counts.  Morrison, therefore, may not present any expert opinion testimony with respect to those Counts unless GSI's failure to disclose him and provide a separate report was either harmless or substantially justified.  Fed.R.Civ.P. 37(c)(1).

GSI argues that a Morrison Declaration dated February 8, 2008 (Declaration), submitted in support of a summary judgment motion constituted a <u>de</u> <u>facto</u> expert report.  The Court disagrees.  The Declaration does not provide the information required by an expert report.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(a)(2)(B).  Even if the Declaration was a <u>de</u> <u>facto</u> expert disclosure and report, GSI was over four months tardy in providing it.  Thus, the expert opinions would still be barred unless the failure to comply with this Court's order was substantially justified or harmless.

GSI argues that the disclosure was harmless because Sukup deposed Morrison after the disclosure of the Declaration.[2]  The Court again disagrees.  The deposition to which GSI refers was part of the fact discovery on the Unfair Competition Counts.  <u>Text Order entered February 15, 2008</u>. Expert discovery had already closed.  Moreover, GSI was required to disclose its experts first.  Sukup was entitled to secure experts that could respond. Sukup did not have a chance to respond to Morrison's opinions on these Counts.  Morrison is barred from giving expert opinions with respect to the Unfair Competition Counts.  Morrison may, however, testify as a fact witness with respect to these Counts.

---

[2]GSI does not argue that the delay was substantially justified.

21

9.    Motion *in Limine* of Sukup Manufacturing Company Number 8 to Exclude Causes of Action Outside the Scope of GSI's Complaint and Accompanying Memorandum of Law (d/e 721)

The Motion is DENIED.  The Motion is denied with respect to Towne's opinions concerning the holding capacities of Sukup's tower grain dryers.  The Court already determined that GSI can proceed on its theory that Sukup misrepresented the holding capacity of its tower grain dryers. Opinion 745, at 18-19.  Towne's opinions are, therefore, admissible.

The Motion is also denied with respect to Towne's opinions concerning Sukup's computer programs used to verify its specifications because Sukup has not provided sufficient information to evaluate the relevance and admissibility of this evidence.  Sukup may renew this Motion at trial if GSI attempts to admit his opinions with respect to these programs. The Court will be in a better position at that time to ascertain the relevance and admissibility of the evidence.

10.    Motion *in Limine* of Sukup Manufacturing Company Number 9 to Exclude Certain Evidence Related to GSI's Unfair Competition Counts and Accompanying Memorandum of Law (d/e 722)

The Motion is ALLOWED in part.  GSI may only use the document

referred to as Exhibit 60 in the Motion as a demonstrative exhibit until GSI lays a proper foundation for its admission as substantive evidence. The Motion is otherwise denied.

This Motion asks the Court to bar five categories of evidence. The first category is evidence related to GSI's ownership of a certain computer program that Sukup used in connection with the development of its tower dryers. This evidence may be somewhat relevant to GSI's willfulness claim. Evidence that Sukup used GSI's program may tend to show that Sukup intentionally copied GSI's tower dryer and willfully copied GSI's patented sweep unloader. This evidence also may tend to show that Sukup engaged in a pattern of intentional copying of patented products. See Opinion 683, at 13. The Court will not exclude this evidence entirely. The Court notes, however, that the probative value seems limited. Sukup may renew this Motion at trial with respect to this evidence if the evidence appears to be cumulative or if the probative value appears to be outweighed by the potential prejudice.

The second category of evidence is an exhibit, identified as Exhibit 60, prepared by GSI employee David Morrison. The Exhibit contains calculations that Morrison states constitute his recollection of calculations

that he personally performed in 2003 to determine GSI's specifications for its tower dryers.  GSI may use Exhibit 60 as a demonstrative exhibit, assuming a proper foundation is laid.  It seems clear that, if Exhibit 60 is not admitted, Morrison could, during his testimony, perform the calculations and recreate Exhibit 60 on the stand.  Thus, the Court will not bar GSI's use of Exhibit 60 as a demonstrative exhibit.

GSI argues that Exhibit 60 is "direct evidence" of Morrison's recollection of the calculations he personally made.  Morrison's recorded recollection would only be admissible if he could not remember on the stand how he performed the calculations.  Fed. R. Evid. 803(5).  Furthermore, GSI would need to lay a proper foundation for admission of Exhibit 60 as a recorded recollection.  At this point, the Court cannot evaluate what Morrison's memory might be at trial, or even if he will testify at trial.  The Court, therefore, cannot evaluate the admissibility of Exhibit 60 as a recorded recollection.  Sukup may renew this Motion at trial if GSI fails to lay a proper foundation for admission of the Exhibit.

The third category that Sukup asks to bar in this Motion is evidence or argument that Sukup must build and test a prototype of each size tower dryer before offering any tower dryers for sale.  This appears to concern the

fact that Sukup produced specifications in 2004 and early 2005 for thirteen different models of tower dryers at a time that it had only sold and built one dryer.  See Opinion 745, at 6.  GSI may present evidence of this fact.  This evidence is relevant to the circumstances surrounding the development of Sukup's specifications at issue in GSI's Unfair Competition Counts.

The Court notes that GSI asserts incorrectly that the Court has already determined that the Sukup tower dryer specifications were literally false because the specifications listed thirteen dryer models at a time that Sukup had only built one dryer.  GSI's Opposition to Motion in Limine Number 9 (d/e 782), at 6-7.  The Court did not so find.  The Court found that the Sukup specifications were literally false because Sukup falsely represented that the specifications were based on field results and computer simulations, and falsely represented the holding capacities specifications.  Opinion 745, at 13.

11.   Motion *in Limine* of Sukup Manufacturing Company Number 10 to Exclude Certain Hearsay Evidence Regarding Alleged Customer Confusion and Accompanying Memorandum of Law (d/e 723)

The Motion is DENIED.  Sukup moves to bar GSI from presenting out-of-court statements that a representative of Wheeler Grain made to GSI

25

employee David Morrison.   Wheeler Grain was a company that was considering the purchase of a tower grain dryer.  GSI states that it will lay a proper foundation to establish that the statement is admissible as evidence of the then existing mental condition of the declarant.  Fed. R. Evid. 803(3). The Court will allow GSI to attempt to lay that foundation at trial.  Sukup may renew this objection at trial if it believes GSI has not laid the proper foundation for admission of the out-of-court statements.[3]

12.   Motion *in Limine* of Sukup Manufacturing Company Number 11 to Preclude Argument or Inference that GSI Lost Tower Dryer Sales to Sukup for Reasons Other Than as Testified and Accompanying Memorandum of Law (d/e 725)

The Motion is DENIED.  GSI's counsel are obligated to limit their statements and arguments to matters that can be supported by the evidence and fair inference therefrom, and further limited by their general ethical duties and their obligations as officers of the court.  The Court will not assume that any counsel for either party will go beyond these limits. Sukup's

---

[3]The Court did not address this hearsay issue at summary judgment because Sukup did not object to its consideration at that time, and moreover, cited to the out-of-court statement.  Motion for Summary Judgment by Sukup Manufacturing Company on Plaintiff's Unfair Competition Counts (d/e 453), at 17.  Sukup's reliance on the statement at summary judgment does not preclude it from challenging admissibility at trial.

counsel, of course, may object at trial that they believe GSI's counsel is presenting improper argument.

13.     <u>Motion *in Limine* of Sukup Manufacturing Company Number 12 to Exclude GSI's Sheave Argument Regarding Tower Dryer Airflow and Accompanying Memorandum of Law (d/e 726)</u>

The Motion is DENIED.  Sukup asks to bar GSI from presenting testimony from GSI employees about whether GSI changed the size of a "sheave" on a blower in its tower dryers in 2003.  GSI presented this assertion in discovery through answers to interrogatories and depositions. Sukup sought documents from GSI in discovery that Sukup believed would verify or disprove the assertion, but GSI responded that the documents no longer existed.  Sukup now asks the Court to bar the testimony.

The request is denied.  Sukup essentially asks the Court to impose a discovery sanction on GSI for failing to produce the requested documents. The proper procedure for seeking this type of relief would have been a motion for sanctions under Rule 37.  The procedures in Rule 37 provide an orderly method for resolving these types of disputes.  <u>See</u> <u>Fed. R. Civ. P.</u> 37(d).  Sukup failed to invoke those procedures.  The Court, therefore, will not bar otherwise admissible evidence.  Sukup can bring out in cross

examination the fact that no documentation exists, but the Court will not bar the testimony at this time.

14.     Motion *in Limine* of Sukup Manufacturing Company Number 13(a) to Exclude Portions of Mark Hoffman's Expert Testimony Related to the Unfair Competition Counts and Accompanying Memorandum of Law (d/e 727)

The Motion is ALLOWED in part.  GSI's damages' expert Mark Hoffman is barred from offering opinions concerning: (1) whether GSI is entitled to recover disgorgement of profits and (2) the equitable considerations that the Court should consider in deciding whether GSI is entitled to the remedy of disgorgement of profits.  Hoffman, however, is allowed to opine as to the amount of profits that Sukup made on the sale of tower dryers.  He also may opine on whether Sukup and GSI competed in the same markets.  He is qualified to opine on these matters and his opinions have a proper basis.  The Motion is denied with respect to these opinions.

15.     Motion *in Limine* of Sukup Manufacturing Company Number 13(b) to Preclude any Claim by Plaintiff for Lost Profits on Counts IV-VII of its Third Amended Complaint (d/e 129) and Accompanying

Memorandum of Law (d/e 728)

The Motion is ALLOWED in part.  GSI's counsel is ordered not to make statements to the jury that GSI is seeking lost profits for the Unfair Competition Counts.  The Motion is otherwise denied as being too vague. Sukup asks for a blanket ban on evidence that may be in any way related to the issue of lost profits.  Sukup does not identify the evidence that it seeks to bar.  Without specificity, the Court cannot evaluate whether the evidence may be admissible for some other purpose.  Sukup may renew its objection to any evidence that it believes is being admitted to prove a claim of lost profits in the Unfair Competition Counts.

16.   Motion *in Limine* of Sukup Manufacturing Company Number 14 to Exclude Certain Evidence Related to the Patent Infringement Counts and Accompanying Memorandum of Law (d/e 729)

The Motion is ALLOWED in part.  GSI's expert Mark Hoffman is barred from opining that: (1) GSI's grain bins covered by the 721 Patent (GSI bins) were and are commercially successful due to the patented features of the product; and (2) the relevant market for GSI bins is a two-supplier market in which there are not acceptable non-infringing substitutes and that the suppliers in the relevant product market are limited to GSI and

Sukup (collectively referred to as the Barred Opinions). Also, GSI witnesses Ronald Bestwick and J. Decker are barred from rendering expert opinions. The Motion is otherwise denied.

Hoffman's reports show that the Barred Opinions are really information provided to him by others that were part of the basis for his own expert opinions. He, therefore, may testify that the matters set forth in the Barred Opinions were part of the basis for his opinions, but he may not attempt to assert that these matters are his own expert opinions. The rest of Hoffman's opinions relevant for this Motion meet the requirements of admissibility. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591-93 (1993). Sukup complains about various weaknesses in Hoffman's opinions. Those criticisms can be brought out through cross examination and Sukup's own expert witnesses.

In particular, Sukup challenges Hoffman's use of the "25% Rule" as a starting point for analyzing a reasonable royalty rate. The "25% Rule" has been accepted as a proper baseline from which to start such an analysis. See e.g., Bose Corp. v. JBL, Inc., 112 F.Supp.2d 138, 165 (D. Mass. 2000). Sukup can challenge Hoffman's use of the "25% Rule" through cross examination and through Sukup's own expert witnesses. The Court,

however, will not bar Hoffman's opinion based on his use of this rule.

The Court bars Bestwick and Decker from rendering expert opinions because GSI did not disclose them as expert witnesses. Sukup has attached to the Motion Declarations from Bestwick and Decker that were prepared in relation to one or more of the summary judgment motions in this case. Most of the statements by Bestwick and Decker in these Declarations are statements of fact, not opinions. The Court does not bar GSI from presenting such factual evidence through Bestwick and Decker. Bestwick and Decker also are not barred from rendering admissible lay opinions, assuming GSI can lay a proper foundation for those opinions.

Sukup complains that Bestwick and Decker signed the attached Declarations after discovery closed. A fact witness is not precluded from testifying about matters covered in a declaration that was executed after discovery has closed. With respect to fact witnesses, GSI is only obligated to disclose the identity of persons with information and subjects of that information that GSI may use at trial. Fed.R.Civ.P. 26(a)(1). Sukup makes no showing that GSI failed to so identify Bestwick and Decker. The Court, therefore, will not bar their testimony as fact witnesses.

Sukup also complains that GSI will attempt to elicit impermissible

opinions from its disclosed expert witnesses, Burl Shuler and Harmon Towne, regarding whether there are no acceptable non-infringing alternatives with respect to the GSI bins.[4]   Sukup argues that these opinions are inadmissible because the opinions were not disclosed until after discovery closed.   Sukup does not attach to this Motion the opinions to which it objects, nor does Sukup reference where those opinions may be found in other documents in the court file.   Hence, the Court cannot evaluate whether the complained of opinions have been adequately disclosed.   Furthermore, at least some of the complained of statements appear to be statements of fact rather than opinion.   This is particularly true for witness Shuler who is an employee of GSI.   Shuler is a fact witness as well as an opinion witness.   Factual evidence from Shuler will not be barred at this time.

17.   Motion *in Limine* of Sukup Manufacturing Company Number 15 to Preclude Plaintiff from Offering any Evidence of Copying and Accompanying Memorandum of Law (d/e 730)

The Motion is DENIED.   Evidence of Sukup's copying of GSI's

---

[4]Sukup also objects to expert Renner opining on these issues.  The Court already has barred Renner from rendering these opinions in its ruling on Motion 705 above.  The issue is thus moot with respect to this Motion.

designs and the specifications from GSI's Zimmerman tower dryer brochure is relevant to GSI's willfulness claim and GSI's Unfair Competition Counts. See Opinion 683, at 13; and Opinion 745, at 6.

18.     Motion *in Limine* of Sukup Manufacturing Company Number 16 to Preclude Plaintiff from Introducing any Evidence Where Plaintiff Blocked Defendant from Obtaining Pre-Trial Discovery by Invoking the Attorney-Client Privilege or Work Product Doctrine and Accompanying Memorandum in Support (d/e 731)

The Motion is DENIED because Sukup does not sufficiently identify the evidence that it seeks to bar.  The Court agrees that GSI may not now waive its privileges and admit confidential communications subject to the attorney-client privilege or information that constitutes its attorneys' work product.  Should GSI attempt to do so, Sukup may renew this motion at trial.  But, at this point, the Court lacks sufficient specific information to enter an order in limine.

19.     Motion *in Limine* of Sukup Manufacturing Company 17(a) to Exclude any Reference to Sukup's Use of Unregistered Engineers or Engineers Without College Degrees and Accompanying Memorandum of Law (d/e 732)

33

The Motion is ALLOWED in part.  Evidence of the education or registration status of Sukup's engineers does not appear to be relevant beyond appropriate background questions to an engineer who testifies at trial.  GSI, therefore, may not make any statement or present any evidence regarding the education, experience or registration status of any Sukup engineer (beyond eliciting appropriate background questions from engineer witnesses) without first making a proffer out of the presence of the jury to show the relevance and probative value of such evidence.

GSI argues that Sukup's engineers are more likely to engage in willful patent infringement because they lack college degrees or are not registered engineers.  It is not obvious to the Court that a college degree or a registration certificate makes one more honest.  Absent some evidence or authority to the contrary, the lack of a degree or the lack of a registration is not probative of willfulness.

20.  <u>Motion *in Limine* of Sukup Manufacturing Company Number 19 to Preclude Plaintiff from Offering Any Evidence of Post-Complaint Changes to Sukup's Products and Product Literature as an Admission of Liability and Accompanying Memorandum of Law (d/e 735)</u>

The Motion is ALLOWED in part.  GSI is precluded from presenting

evidence of changes of Sukup's burner cone insert without first making a proffer outside of the presence of the jury to demonstrate the relevance of this evidence.  The Motion is otherwise denied.

Sukup put at issue in its Second and Fourth Counterclaims the post-suit changes to its tower dryer sweep unloader.  See Opinion 743, at 10-17. Evidence of those changes is therefore admissible.  The post-suit changes to Sukup's pins for its bin door are relevant to the issue of whether Sukup continues to infringe on the 271 Patent.  See Opinion 667, at 48-50.  This evidence is admissible.  Sukup's Spec Sheet and initial tower dryer brochure developed in 2004 and 2005 are relevant to GSI's Unfair Competition Counts.  See Opinion 745, at 12-15.  Evidence regarding these matters is admissible.

The Court also will not bar subsequent revisions of Sukup's tower dryer brochures at this time.  Sukup argues that these revisions are not admissible because they constitute remedial measures under Federal Rule of Evidence 407.  Rule 407 applies to remedial changes made after "an injury or harm allegedly caused by an event."  Fed. R. Evid. 407.  An event is a traumatic event, such as an accident, that causes injury.  See Traylor v. Husqvarna Motor, 988 F.2d 729, 733 (7th Cir. 1993).  GSI alleges an injury

caused by Sukup's advertising and related business practices.  Such an injury is not caused by an event, so revisions to Sukup's advertising materials would not be covered by Rule 407.  Sukup does not argue any other basis for barring subsequent versions of its advertising materials.  The Motion is therefore also denied with respect to those materials.

21.    Motion *in Limine* of Sukup Manufacturing Company Number 20 to Preclude Plaintiff from Offering Expert Testimony on Legal Issues and Accompanying Memorandum of Law (d/e 736)

The Motion is ALLOWED in part.  The experts of both parties are barred from opining on questions of law.  Both parties' experts, however, may be required to explain the bases of their opinions, which may include some recitation of their understanding of the meaning of legal terms that forms part of the bases for their opinions.  The Court will not bar such recitations at this time.  Either party may object at trial if it believes an opposing expert is improperly opining on questions of law.

22.    Motion *in Limine* of Sukup Manufacturing Company Number 21(a) to Preclude Plaintiff from Presenting any Claim for Disgorgement of Profits to the Jury Because it is an Equitable Remedy for the Court and Accompanying Memorandum in Support (d/e 737)

The Motion is DENIED because the issue of disgorgement of profits has not been bifurcated from other damages issues.  Thus, all evidence regarding all damages, including disgorgement of profits, will be presented together during the damages phase.  In addition, some admissible evidence that is relevant to liability may also be relevant to the Court's determination of whether to award disgorgement of profits.  If so, such evidence will also be admitted during the liability phase of the trial.  The Court will entertain a limiting instruction for evidence that relates solely to disgorgement of profits.

23.   <u>Motion *in Limine* of Sukup Manufacturing Company Number 22 to Exclude Portions of Mark Hoffman's Testimony as Improper Hearsay and Accompanying Memorandum of Law (d/e 739)</u>

The Motion is ALLOWED in part, subject to the proviso set forth below.  Sukup seeks to bar testimony of GSI's expert Hoffman's summary of his interviews with GSI dealers.  This evidence only relates to damages.  GSI is precluded from presenting this evidence during the liability phase of the trial.  The evidence is admissible during the damages phase for the limited purpose of explaining the basis of Hoffman's opinions.  <u>Fed. R. Evid.</u> 703.

The ruling on this Motion is dependent on whether Sukup has been able to complete the depositions of the out-of-court declarants on which Hoffman relied. The Court allowed Sukup's Motion to Compel these depositions. <u>Text Order entered October 10, 2008</u>. Sukup may renew this Motion if it has been unable to secure these depositions prior to trial.

24. <u>Motion in Limine of Sukup Manufacturing Company Number 23 to Exclude all Evidence Relating to GSI's Tower Dryer Patents and the '525 Patent and Accompanying Memorandum of Law (d/e 740)</u>

The Motion is DENIED. Evidence related to the 364 Patent, the 843 Patent and the 525 Patent is relevant to GSI's willfulness claim and its claims for injunctive relief. <u>See</u> <u>Opinion 683</u>, at 13; <u>Opinion 678</u>, at 17. Evidence regarding the 276 Patent and 367 Patent is relevant to Sukup's Second and Fourth Counterclaims. <u>See</u> <u>Opinion 743</u>, at 10-17. The Court will not bar admission of this evidence.

THEREFORE, Plaintiff GSI Group, Inc.'s Motion in Limine (d/e 711) is ALLOWED, its Motions in Limine (d/e 687, 691, 693, 696, 698, & 703) are ALLOWED in part, its Motions in Limine (d/e 689 & 695) are DENIED, and its Motion in Limine (d/e 716) is DENIED as moot. Defendant Sukup Manufacturing Company's Motions in Limine (d/e 733,

734, & 738) are ALLOWED, its Motions in Limine (d/e 705, 720, 722,

724, 727, 728, 729, 732, 735, 736, & 739) are ALLOWED in part, and its

Motions in Limine (d/e 707, 708, 709, 710, 721, 723, 725, 726, 730, 731,

737, & 740) are DENIED.  The Motion for Leave to File GSI's Supplement

to GSI's Opposition to Defendant Sukup's Motion in Limine Number 14

to Exclude Certain Evidence Re Patent Infringement Counts d/e 729 [799]

(d/e 802) is DENIED as moot.

IT IS THEREFORE SO ORDERED.

ENTER:   November 18, 2008

      FOR THE COURT:

               s/  Jeanne E. Scott
              JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE