E-FILED
Thursday, 20 November, 2008  12:02:18 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE GSI GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3011 |
| | ) | |
| SUKUP MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Sukup Manufacturing Company's (Sukup) Motion to Strike New Expert Disclosures of the GSI Group, Inc. and Memorandum of Law in Support (d/e 808) (Motion). For the reasons set forth below, the Motion is DENIED.

On October 30, 2006, Plaintiff GSI Group, Inc. (GSI), provided Sukup with the expert reports of David Morrison, Burl Shuler, and Randy Sheley. GSI provided Sukup with rebuttal reports from these three men on December 6, 2006. GSI, however, failed to list these three men as experts in its formal Rule 26(a) disclosures. Sukup accepted the reports and has no

1

quarrel with the content of these reports, or the ability of these three men to testify regarding their opinions in these three reports.  <u>Motion</u>, ¶ 5. Sukup subsequently deposed these three men about their expert opinions.

On September 29, 2008, GSI sent Sukup a supplemental disclosure under Rule 26(a) that disclosed these three men as expert witnesses.  The disclosure stated concerning these three men:

> **Name:  David Morrison–Expert Witness**
> Mr. Morrison is a GSI employee, he has submitted expert reports and has been deposed.
>
> **Name:  Burl Shuler–Expert Witness**
> Mr. Shuler is a GSI employee, he has submitted an expert report, and he has been deposed.
>
> **Name:  Randy Sheley–Expert Witness**
> Mr. Sheley is a GSI employee, he has submitted an expert report, and he has been deposed.

<u>Motion</u>, Exhibit A, <u>The GSI Group, Inc.'s Fifth Supplemental Disclosures Under Rule 26(a)(1) (emphasis in original)</u>.  Sukup asks the Court to strike these disclosures.

<u>ANALYSIS</u>

GSI had an obligation to disclose these individuals as experts and provide a report containing a complete statement of their opinions.  <u>Fed. R. Civ. P.</u> 26(a)(2).  GSI clearly knew in 2006 that these three men were

2

expert witnesses, but failed to formally list them on its Rule 26 disclosures. The failure requires the Court to bar these three men from testifying at trial unless the failure was harmless or substantially justified.  Fed. R. Civ. P. 37(c)(1).

In this case, the failure was harmless because GSI supplied the witnesses' expert reports in a timely fashion and made them available for expert depositions in a timely fashion.  Sukup, thus, had all of the substantive information it would require about these witnesses in a timely fashion.  Sukup even concedes that the reports were sufficient and has no objections to the witnesses testifying regarding their opinions in the reports. The failure to include the names of these three men on the disclosure list was harmless.

Sukup argues, however, that the three men should be limited to the opinions in their reports and should not be able to testify regarding opinions given at their depositions or otherwise in discovery.  The Court disagrees. The Rules contemplate that expert witnesses may supplement their opinions through discovery, including depositions.

Rule 26(a) imposes a duty to supplement disclosures in accordance with Rule 26(e).  Rule 26(e) provides, in part:

(e) Supplementing Disclosures and Responses.

    (1)   In General.   A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:

        (A)   in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

        (B)   as ordered by the court.

    (2)   Expert Witness.  For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. . . .

Fed. R. Civ. P. 26(e).  Thus, supplemental disclosures are required unless the information is disclosed in discovery, and Rule 26(e)(2) expressly contemplates that experts will give opinions at their depositions.  The statements by these three men at their depositions, therefore, were proper supplements to their expert reports.  Any opinions properly disclosed at their depositions will not be barred for failure to comply with Rule 26(a) or 26(e).

      Sukup argues that the Seventh Circuit's recent decision in Ciomber v.

4

Cooperative Plus, Inc., prohibits supplementing expert reports through depositions. Ciomber, 527 F.3d 635, 642 (7th Cir. 2008). The Court disagrees. In Ciomber, the plaintiffs disclosed a wholly inadequate expert witness report after repeated extensions of the deadline for disclosure. Id., at 638. Even with the extensions, the plaintiff disclosed the inadequate report a day late. Id. The Seventh Circuit affirmed the trial court's determination to bar the expert from testifying. The Seventh Circuit held that a subsequent deposition could not cure the harm caused by a tardy, inadequate expert witness report: "Allowing parties to cure a deficient report with later depositions would further undermine a primary goal of Rule 26(a)(2): 'to shorten or decrease the need for expert depositions.'" Id., at 642 (quoting Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 741 n.6 (7th Cir. 1998)).

Sukup does not challenge the sufficiency or timeliness of the expert reports from Morrison, Shuler, and Sheley. Thus, there was no harm from the reports that required any cure. Any opinions disclosed in the depositions of these men, therefore, were proper supplements under Rule 26(e). The Ciomber case does not apply.

THEREFORE, Defendant Sukup Manufacturing Company's Motion

to Strike New Expert Disclosures of the GSI Group, Inc. and Memorandum

of Law in Support (d/e 808) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   November 20, 2008

      FOR THE COURT:

                   s/  Jeanne E. Scott
                   JEANNE E. SCOTT
          UNITED STATES DISTRICT JUDGE