IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE GSI GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-3011 |
| ) | |
| SUKUP MANUFACTURING CO., ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the following Motions:

1.     Defendant's Motion for Reconsideration of Certain Factual Findings in the Court's Opinion of October 28, 2008 (d/e 745) (d/e 815) (Motion 815);

2.     Plaintiff GSI Group, Inc.'s Motion for Clarification Regarding Damages for Sukup's Infringement of GSI's U.S. Patent No. 5,400,525 (d/e 825) (Motion 825);

3.     Defendant's Combined (1) Motion for Partial Reconsideration of Opinion (d/e 745) Denying Summary Judgment for Sukup Regarding Counts IV, VI, and VII; in the Alternative, (2) Motion for Partial

1

Reconsideration of Opinion (d/e 806) Denying Sukup's Motion in Limine to Exclude Hearsay Testimony Concerning Wheeler Grain; or in the Alternative, (3) Request for a Limiting Instruction Regarding Wheeler Grain and Memorandum in Support (d/e 834) (Motion 834);

4. Defendant's Motion and Memorandum in Support of its Motion for Reconsideration of this Court's Opinion (d/e 806) Allowing GSI's Motion in Limine to Exclude All Evidence of Sales of All Tower Dryers other than the "Zimmerman" Brand (d/e 711) (d/e 835) (Motion 835);

5. Sukup's Motion for Clarification of the Court's Inequitable Conduct Holding and of the Opinion Regarding GSI's Rotor Assembly Patents (d/e 836) (Motion 836);

6. Sukup's Motion for Reconsideration of the Opinion Finding the '271 Patent Valid Under 35 U.S.C. § 102 (d/e 837) (Motion 837); and

7. Sukup's Motion for Reconsideration of the Court's Claim Construction of U.S. Patent No. 5,135,271 (d/e 99) (Motion 838).

For the reasons set forth below: Motion 815 is ALLOWED in part; Motion 825 is ALLOWED in part; Motion 834 is DENIED; Motion 835 is DENIED; Motion 836 is ALLOWED in part; Motion 837 is DENIED; and Motion 838 is DENIED.

The Court will address the Motions in the order that they were filed. Generally, the parties seek reconsideration of a summary judgment Opinion or a decision on a motion in limine. A motion to reconsider will be granted if there has been a mistake of law or fact, or new evidence has been discovered that is material and could not have been discovered previously. Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). The parties also seek clarification of various parts of Orders and Opinions.

1. MOTION 815

Sukup asks the Court to modify five findings of undisputed facts in this Court's Opinion entered October 28, 2008 (d/e 745) (Opinion 745). The parties agree that the Court erred in the fifth finding listed in Motion 815. The Court hereby modifies that finding to state that:

> the Sukup Spec Sheet stated that each Sukup tower grain dryer had a larger Heat Holding Capacity, all but three had a larger Cool Holding Capacity, and all but one had a larger Total Holding Capacity than a comparable GSI dryer of the same size.

Sukup also asks the Court to reconsider its findings that Sukup's Brochure disclaimer was literally false because the disclaimer falsely stated that the tower dryer specifications in the Brochure were based on field

results and computer simulations. Opinion 745, at 16. Sukup now presents evidence that creates an issue of fact regarding the falsity of the Brochure disclaimer. Sukup further correctly states that GSI did not assert this particular factual issue in support of its request for summary judgment. Because GSI did not directly raise the issue, Sukup was not required to address the issue in its response to GSI's summary judgment motion. See Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (reconsideration appropriate when Court made a decision outside the adversarial issues presented by the parties). The Court, therefore, will consider the new evidence. When viewed most favorably to Sukup, the new evidence creates an issue of fact regarding whether the Brochure disclaimer was literally false. The Court therefore modifies Opinion 745 to find that:

> there is an issue of fact as to whether the assertion in the Brochure disclaimer that the tower dryer specifications in the Brochure were based on field results and computer simulations is false.

To the extent that Motion 815 seeks additional relief, the Motion is denied.

2. MOTION 825

GSI asks for clarification of whether it can seek damages for

infringement of U.S. Patent 5,400,525 (525 Patent) that occurred after GSI amended its Complaint to allege infringement of the 525 Patent. The Court found that the validity of the 525 Patent is an issue of fact. Opinion entered October 8, 2008 (d/e 682) (Opinion 682), at 20. The Court also found that Sukup's prior design for its burner cone infringed on the 525 Patent, if the patent is valid. Id. The Court, however, found that GSI was not entitled to damages for this possible infringement because Sukup stopped selling burners with the prior burner cone design in March 2005, before GSI added the claim for infringement of the 525 Patent on May 10, 2005. Id., at 7; First Amended Complaint for Patent Infringement (d/e 5), Count III.

GSI now asserts that Sukup, in fact, sold burners that used the prior burner cone design after May 10, 2005, and Sukup acknowledges that this is correct. Defendant Sukup Manufacturing Company's Response to GSI's Motion for Clarification Regarding Damages for Sukup's Infringement of GSI's U.S. Patent No. 5,400,525 (d/e 852), at 1. Given that the parties agree, the Court finds that Opinion 682 contains a manifest error of fact. The Court therefore reconsiders Opinion 682 and holds that Sukup sold some burners that contained its prior burner cone design after May 10,

5

2005. GSI, therefore, may pursue a claim for damages for sales after May 10, 2005, in the event the 525 Patent is determined to be valid. Motion 825 is allowed to this extent. To the extent that Motion 825 seeks additional relief, the Motion is denied.

3. <u>MOTION 834</u>

Sukup asks the Court to reconsider its denial of Sukup's request for summary judgment on GSI's unfair competition claims. In the alternative, Sukup asks for the Court either to exclude GSI witness David Morrison's testimony regarding statements from a representative of a company called Wheeler Grain, or to give a proposed limiting instruction. The requests are denied. The Court has carefully reviewed its Opinion 745 and finds no basis for reconsideration. The evidence regarding the statements from the representative of Wheeler Grain, if admissible, may tend to prove a likelihood of injury.

The Court will also allow GSI to attempt to lay a foundation to admit the testimony. Testimony about a customer's out-of-court statements concerning the customer's motivation and state of mind may sometimes be relevant to the issue of the likelihood of injury. See <u>Grove Fresh Distributors, Inc. v. New England Apple Products Co., Inc.</u>, 969 F.2d 552,

556-57 (7th Cir. 1992).  The Court makes no ruling on the admissibility of the testimony at this time.  GSI may attempt to lay a foundation to show that the statement meets an exception to the hearsay rule and is otherwise relevant and admissible.

The Court also denies the request to give the proposed limiting instruction.  The proposed instruction is verbose and confusing.  The proposed instruction also is too narrow.  See Id., at 556-57.  The Motion is denied.

4.   MOTION 835

Motion 835 is denied.  The Court properly ruled that Sukup's Fifth Counterclaim is limited to GSI's marketing of Zimmerman dryers.  See Opinion entered November 18, 2008 (d/e 806) (Opinion 806), at 10-13.  The new material submitted by Sukup does not change the outcome.  Sukup shows that it sought information in discovery.  The discovery rules allow broad discovery that exceed the pleadings.  See Fed. R. Civ. P. 26(b).  The fact that Sukup sought information about other dryers, therefore, did not put GSI on notice of the specific misrepresentation on which Sukup based its Lanham Act claims.

Sukup argues that the decision is inconsistent with an order of this

Court entered February 26, 2008 (d/e 495) (Order 495). Order 495 concerned the obligation to respond to discovery. Order 495 did not address whether Sukup had given GSI notice of additional alleged misrepresentations. The Motion is denied.

5. <u>MOTION 836</u>

The Motion is allowed in part. The Court hereby clarifies its Opinion entered September 11, 2008 (d/e 667) (Opinion 667), to state that: (1) no issues of fact exist regarding whether GSI engaged in inequitable conduct with respect to U.S. Patent 5,135,271 (271 Patent); and (2) summary judgment was entered in favor of GSI and against Sukup on Sukup's inequitable conduct defense with respect to Patent 271. The Court further clarifies its Opinion entered September 25, 2009 (d/e 678) (Opinion 678) to state that in footnote 2, the affirmative defenses to which the Court referred were Sukup's affirmative defenses pleaded by Sukup which had not then been ruled upon. <u>Defendant Sukup Manufacturing Co.'s First Amended Answer, Affirmative Defenses and Counterclaims and Demand for Jury Trial in Response to Plaintiff's Third Amended Complaint (d/e 161)</u>, at 8-9. In particular, the Court had not yet ruled on Sukup's patent misuse and laches defenses at the time that the Court entered Opinion 678. The

Court has since resolved these two defenses.  <u>Opinion entered October 15, 2008 (d/e 743)</u>, at 34-35; <u>Opinion entered October 29, 2008 (d/e 746)</u>, at 11.  To the extent that Motion 836 seeks additional relief, the Motion is denied.

6.    <u>MOTION 837</u>

Motion 837 is denied.  The Court did not rely on evidence that was subsequently stricken by this Court in making the decision set forth in Opinion 667.  The Motion is denied.

7.    <u>MOTION 838</u>

Motion 838 is denied.  The Court correctly stated and applied the law in its Opinion entered September 27, 2006 (d/e 99) (Opinion 99).  <u>See Opinion 99</u>, at 4-5 and cases cited therein.  The Motion is denied.

THEREFORE,

1.    Defendant's Motion for Reconsideration of Certain Factual Findings in the Court's Opinion of October 28, 2008 (d/e 745) (d/e 815) is ALLOWED in part;

2.    Plaintiff GSI Group, Inc.'s Motion for Clarification Regarding Damages for Sukup's Infringement of GSI's U.S. Patent No. 5,400,525 (d/e 825) is ALLOWED in part;

3. Defendant's Combined (1) Motion for Partial Reconsideration of Opinion (d/e 745) Denying Summary Judgment for Sukup Regarding Counts IV, VI, and VII; in the Alternative, (2) Motion for Partial Reconsideration of Opinion (d/e 806) Denying Sukup's Motion in Limine to Exclude Hearsay Testimony Concerning Wheeler Grain; or in the Alternative, (3) Request for a Limiting Instruction Regarding Wheeler Grain and Memorandum in Support (d/e 834) is DENIED;

4. Defendant's Motion and Memorandum in Support of its Motion for Reconsideration of this Court's Opinion (d/e 806) Allowing GSI's Motion in Limine to Exclude All Evidence of Sales of All Tower Dryers other than the "Zimmerman" Brand (d/e 711) (d/e 835) is DENIED;

5. Sukup's Motion for Clarification of the Court's Inequitable Conduct Holding and of the Opinion Regarding GSI's Rotor Assembly Patents (d/e 836) is ALLOWED in part;

6. Sukup's Motion for Reconsideration of the Opinion Finding the '271 Patent Valid Under 35 U.S.C. § 102 (d/e 837) is DENIED; and

7. Sukup's Motion for Reconsideration of the Court's Claim Construction of U.S. Patent No. 5,135,271 (d/e 99) (d/e 838) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   December 18, 2008

    FOR THE COURT:

                                    s/  Jeanne E. Scott
                                    JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE